**William DAVIS, James A. Kirkland, Diversified Financial Consulting, Inc., and U.S.A. Financial Group, Inc., Plaintiffs,**

**v.**

**William SKARNULIS, Doris Skarnulis, and the National Association of Securities Dealers, Defendants.**

No. 93–70997.

United States District Court, E.D. Michigan, S.D.

Aug. 6, 1993.

Walter L. Baumgardner, St. Clair Shores, MI, for plaintiff.

David M. Foster, Farmington Hills, MI, for defendant.

Eric S. Richards, Warner Norcross & Judd, Grand Rapids, MI, Betty G. Brooks, Washington, DC, for defendant Nat. Ass'n of Securities Dealers.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ORDER DISSOLVING THE PRELIMINARY INJUNCTION, AND ORDER COMPELLING PLAINTIFFS TO PROCEED WITH ARBITRATION

GADOLA, District Judge.

On March 29, 1993, this court granted plaintiffs' request for an order to show cause

and a motion for a temporary restraining order enjoining defendants from proceeding with arbitration. On April 5, 1993, defendants Doris and William Skarnulis responded to the show cause and restraining order. On April 7, 1993, defendant National Association of Securities Dealers ("NASD") filed a response to the order to show cause and temporary restraining order, requesting dismissal of plaintiffs' action and an order compelling plaintiffs to proceed with arbitration. At a hearing held April 13, 1993, the court granted plaintiffs' request for a preliminary injunction enjoining defendants from continuing with arbitration pending a resolution of the issues raised in plaintiffs' complaint.

On April 16, 1993, defendants Doris and William Skarnulis filed a motion for summary judgment. Plaintiffs responded May 21, 1993. No reply was filed by the Skarnulis defendants. On May 13, 1993, defendant NASD filed a motion for summary judgment. Plaintiffs responded to this motion June 15, 1993. Defendant NASD filed a reply June 11, 1993.[1] Oral argument on the motions for summary judgment was heard August 5, 1993.

### I. Facts

Plaintiff U.S.A. Financial Group, Inc. ("USA Financial") is a registered securities broker/dealer and a member of NASD. Plaintiffs Davis and Kirkland are securities representatives and associated persons registered with NASD. Plaintiff Diversified Financial Consulting, Inc. ("DFC") is an investment advisor firm and, according to defendant NASD, is not a member of NASD.[2]

On December 6, 1991, defendants Doris and William Skarnulis filed a statement of claim with NASD alleging numerous claims against the plaintiffs relating to the purchase and retention of various securities. In addition to their statement of claim, Mr. and Mrs. Skarnulis also filed a Uniform Submission Agreement whereby they agreed to submit

---

1. These are the time-stamped dates of the pleadings; apparently defendant NASD had a copy of plaintiffs' response prior to plaintiffs having filed their response with the court clerk.

2. In their complaint, plaintiffs allege that DFC is registered with NASD as an investment advisor.

all of their claims to binding arbitration with NASD. The defendants' claims arise out of the purchase of securities on nine occasions, the first of which occurred February 17, 1986, and the last of which occurred May 8, 1989.

After the filing of the statement of claim, plaintiffs DFC and Kirkland filed Uniform Submission Agreements with NASD which required those defendants to submit all their counterclaims and defenses to binding arbitration. Defendants USA Financial and Davis did not submit Uniform Submission Agreements. However, USA Financial's membership in NASD and Davis' status as an associated person bind them to abide by the rules of NASD, including section 12 of the code which provides that any dispute between an NASD member, an associated person and a public customer must be submitted to arbitration upon demand of the public customer.

In response to the allegations in the statement of claim, plaintiffs filed a joint statement of answer. On April 23, 1992, plaintiffs filed a motion to dismiss the statement of claim on the ground that all of the claims were time-barred under the various state and federal statutes of limitations. Nowhere in the motion to dismiss nor in the complaint filed in this court on March 29, 1993, do any of the plaintiffs object to the arbitration itself on the ground that they did not agree to arbitrate the claims.[3] On November 2, 1992, the arbitrators notified plaintiffs that their motion to dismiss was denied.

Following denial of the motion to dismiss, two arbitration hearings on the merits of the underlying dispute were conducted on November 3 and November 4, 1992. At the start of the hearing on November 3, plaintiffs renewed their motion to dismiss and the arbitration panel took it under advisement. Plaintiffs admit that they participated in the November hearings. Additional hearings were scheduled for March 30 and March 31, 1993.

On March 29, 1993, plaintiffs sought and this court granted the temporary restraining order. The order enjoined the defendants from proceeding with the arbitration until this court had an opportunity to determine whether the arbitration panel had jurisdiction over the Skarnulis' claims.

## II. Analysis

The parties agree that the claims are governed by the NASD Code by virtue of the plaintiffs' membership in and association with NASD and by virtue of the Uniform Submission Agreements signed by Kirkland and DFC. The issue is whether the arbitration panel has authority to determine the applicability of the various state and federal statutes of limitations or whether those statutes of limitations deprive the arbitration panel of jurisdiction.

■ Whether a contract creates a duty to arbitrate a particular grievance is an issue for the courts to decide. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). The duty to arbitrate is a contractual obligation. *Wiepking v. Prudential–Bache Securities, Inc.,* 940 F.2d 996, 998 (6th Cir.1991). A party cannot be required to submit to arbitration any dispute which he has not agreed to so submit. *AT & T,* 475 U.S. at 648–49, 106 S.Ct. at 1417–18. Therefore, this court must look to the contract language, that is, the

---

**3.** At paragraph 19 of the plaintiffs' complaint, plaintiffs state "[t]hat Plaintiffs never contracted to arbitrate any claim that extended past any applicable Statute of Limitations." This paragraph merely refers to plaintiffs' claim that the statutes of limitations on all of defendant Skarnulis' claims have run and that therefore the arbitration panel is deprived of jurisdiction to arbitrate such claims. This paragraph does not allege that defendants did not agree voluntarily to arbitrate the claims.

In their brief in response to defendant NASD's motion for summary judgment, plaintiffs appear to imply that it is their position that they never agreed voluntarily to arbitrate the claims. This contention is muddled and indirect and appears to merely restate the allegations of paragraph 19 of the plaintiffs' complaint. The question of whether the parties agreed to arbitrate the issue of statutes of limitations by agreeing to arbitrate under the rules of NASD is precisely the issue before this court. Therefore, any claim of plaintiffs that they did not agree to such a term merely begs the question that is before this court.

language of the NASD Code, to determine which claims the parties agreed to submit.

The relevant portions of the NASD Code read as follows:

### Required Submission

**Sec. 12.** (a) Any dispute, claim or controversy eligible for submission under Part I of this Code between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.

### Time Limitation Upon Submission

**Sec. 15.** No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The language of section 15 makes clear that all disputes, claims and controversies brought before the six-year time limit have elapsed are to be arbitrated. Plaintiffs assert that the language "[t]his section shall not extend applicable statutes of limitations . . .," found in the second sentence of section 15, places a limit on the arbitrators' jurisdiction over the dispute. The court finds, however, that the language of the second sentence was not intended to limit the jurisdiction set forth in the first sentence. Rather, the second sentence is intended to set forth the agreement of the parties that the arbitrators shall be bound to abide by the state and federal statutes of limitations in adjudicating the disputes.[4]

Plaintiffs claim that the case of *Roney & Co. v. Kassab, et al.*, 981 F.2d 894 (6th Cir.

1992) stands for the proposition that the arbitrators do not have the authority to review statutes of limitations to decide whether claims are eligible for arbitration. The court disagrees with that analysis of *Roney*.

■ In *Roney*, the issue was whether it was for the district court or the arbitrators to decide if the *contractually* established time period within which the dispute must be arbitrated had elapsed. Because the contractual time period is that which confers jurisdiction on the arbitrators, the court held that effect of the contract language was a legal question for the courts to decide. *Id.* at 899. A party cannot be forced to arbitrate the arbitrability issue. *Id.* at 898, citing *Litton Financial Printing Division v. NLRB,* —— U.S. ——, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). *Roney* did not hold that arbitrators may not determine the applicability of state and federal statutes of limitations.

■ Thus, the holding in *Roney* applies to the facts of this case only to the extent that it confers on this court jurisdiction to interpret the language of section 15 the NASD Code. For the reasons stated *supra*, this court finds that the language of section 15 does not deprive the arbitrators of jurisdiction to determine the applicability of the state and federal statutes of limitations.

Plaintiffs ask that this court make a ruling on the applicability of the state and federal statutes of limitations to each of the Skarnulis' claims. Because the court finds that such determinations are within the jurisdiction of the arbitrators as conferred by the NASD Code, it shall decline to make such rulings. If after the arbitration process is complete, plaintiffs are dissatisfied with the arbitrators' decision, plaintiffs may file a motion to vacate the arbitration award.

At the hearing on this matter, counsel for defendants Doris and William Skarnulis requested that sanctions be awarded pursuant to Fed.R.Civ.Pro. 11. The court finds that plaintiffs have made a valid, though ultimate-

---

**4.** If the parties had desired by this language to state that no dispute shall be submitted for arbitration where the applicable statute of limitations has run, they could easily have said just that. Clearly, the six year limitation of section 15 goes to what forum shall adjudicate the dispute; the second sentence simply states that the time limitation governing which forum shall be used shall have no effect on the time limitation to be applied to the underlying dispute.

ly unsuccessful, argument. Therefore, the motion for costs shall be denied.

### ORDER

Therefore, it is hereby **ORDERED** that defendants' motion for summary judgment is **GRANTED**.

It is further **ORDERED** that the preliminary injunction against defendants' proceeding with arbitration, issued in this case on April 13, 1993, is hereby **DISSOLVED**.

It is further **ORDERED** that plaintiffs are hereby **COMPELLED** to proceed with the arbitration proceedings.

It is further **ORDERED** that the motion for costs of defendants Doris and William Skarnulis is hereby **DENIED**.

**SO ORDERED.**

### JUDGMENT

This action came before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly reviewed and a decision having been duly rendered,

It is **ORDERED** and **ADJUDGED** that plaintiffs take nothing and that the action be dismissed on the merits.

It is further **ORDERED** that this judgment shall not serve to bar plaintiffs from bringing any action to vacate the arbitration award once such award has been issued.

It is further **ORDERED** that the clerk serve a copy of this judgment by United States mail on the counsel for plaintiffs and on counsel for defendants.