William L. DAVIS, James A. Kirkland, Diversified Financial Consulting, Inc., and U.S.A. Financial Group, Inc., Plaintiffs,

v.

Richard KEYES, Marilyn Keyes, and the National Association of Securities Dealers, Jointly and Severally, Defendants.

No. 93–CV–73879.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 1, 1994.

---

Walter L. Baumgardner, Musilli, Baumgardner, Wagner & Parnell, P.C., St. Clair Shores, MI, for plaintiffs.

David M. Foster, Farmington Hills, MI, for defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

### I. INTRODUCTION

The dispute here centers on the interpretation of the first sentence of section 15 of the National Association of Securities Dealers Code of Arbitration ("NASD § 15" or "§ 15") which sets forth the matters eligible for arbitration:

**TIME LIMITATION UPON SUBMISSION**

*Sec. 15. No dispute, claim, or controversy shall be eligible for submission to arbitration under this code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.* This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The parties disagree on whether the six-year eligibility period operates as a statute of limitations subject to tolling under certain circumstances, or a statute of repose which is not tolled under any circumstances. Therefore, the question is whether the "occurrence or event," which starts the running of the period of eligibility, is the date of purchase of the investment or the date the investor realizes (or reasonably should have realized) he has suffered some form of injury (*i.e.*, discovery). Additionally, the parties request a ruling on the effect, if any, fraudulent concealment has on the measurement date of the "occurrence or event."

For the reasons which follow, I conclude that section 15 of the National Association of Securities Dealers Code of Arbitration's six-year eligibility requirement operates as a statute of repose, except in cases where the claim involves fraudulent concealment. In cases where there has been fraudulent concealment, the six-year eligibility requirement operates as a statute of limitations subject to tolling. Thus, the "occurrence or event," which starts the running of the six-year eligibility period, is the date of discovery of the fraud. However, because defendants have not alleged facts which constitute fraudulent concealment, there are no circumstances which warrant tolling of the six-year eligibility period. Defendants' claims which are more than six years old are ineligible for arbitration.

### II. BACKGROUND

This case was brought by: Diversified Financial Consulting, Inc. ("DFC"), U.S.A. Financial Group, Inc. ("USFG"), and William L. Davis ("Davis") and James A. Kirkland ("Kirkland"), investment advisors for DFC and investment brokers for USFG. Plaintiffs seek an injunction prohibiting their [former] clients, Richard and Marilyn Keyes ("defendants"), from pursuing arbitration before the National Association of Securities Dealers ("NASD"). Davis, Kirkland, USFG and defendants contracted to submit claims to arbitration through the arbitration provi-

sion of the purchase/customer agreement. Additionally, Davis, Kirkland and USFG are registered with the NASD and are required to abide by the rules and regulations of the NASD.

Defendants have filed a complaint with the NASD alleging various claims against plaintiffs related to a number of investments between August, 1986, and February, 1988. Plaintiffs argue that arbitration before NASD should be enjoined because defendants' claims do not meet the NASD § 15 six-year eligibility requirement.

I previously denied defendants' motion for summary judgment and concluded, contrary to defendants' arguments but consistent with the case law of this circuit, that the district court, not the arbitrators, must determine the arbitrability of defendants' claims. *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993); *Roney and Co. v. Kassab*, 981 F.2d 894, 900 (6th Cir.1992).

At a status conference held on March 22, 1994, I instructed the parties to submit briefs discussing the appropriate interpretation of NASD § 15 for the purpose of determining which of defendants' claims would be eligible for arbitration. Specifically, I sought to determine whether the six-year eligibility requirement should be interpreted as a statute of limitations, subject to tolling under appropriate circumstances, or similar to a statute of repose. In their submitted papers and at a hearing on June 24, 1994, plaintiffs argued that NASD § 15 imposes a strict six-year, no questions asked, eligibility requirement. Defendants argued that the six-year eligibility requirement is similar to a statute of limitations subject to tolling where there has been fraudulent concealment.

### III. INTERPRETATION OF NASD § 15 IN FRAUDULENT CONCEALMENT CASES

Both the Third and Seventh Circuits of the U.S. Courts of Appeals have concluded that Rule 603 of the New York Stock Exchange ("NYSE") Department of Arbitration Rules[1] and NASD § 15 do not act as statutes of limitations. *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 510–14 (3d Cir.1990); *PaineWebber, Inc. v. Farnam*, 870 F.2d 1286, 1292 (7th Cir.1989). Claims submitted to arbitration more than six years after the event or occurrence giving rise to the claim are ineligible for arbitration. *Id.* The event or occurrence giving rise to the claim submitted to arbitration is the purchase. *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 512 (7th Cir.1992); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jana*, 835 F.Supp. 406, 411 (N.D.Ill.1993). These circuits have also concluded that there is no tolling for allegations of fraudulent concealment. *Id.*

Comments made in the two Sixth Circuit opinions addressing NASD § 15 and NYSE Rule 603 indicate agreement with the Third and Seventh Circuits' interpretation in cases involving claims other than fraudulent concealment. *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir.1993); *Roney and Co. v. Kassab*, 981 F.2d 894, 900 (6th Cir.1992). Where the claim involves fraudulent concealment, the eligibility period is tolled if there is sufficient proof of fraudulent concealment. *Id.* In *Roney*[2], the defendants failed to bring their claims within six years of the alleged wrongdoing on the part of a broker who had departed from plaintiffs' employ. 981 F.2d at 896. The court remarked that, absent some statutory exemption from the arbitration agreement, the defendants' claims before the arbitration panel should be enjoined. *Id.* at 900. The defendants argued that their claims were not subject to the six-year eligibility requirement because their claims were based on fraudulent concealment. *Id.* The court did not specifically say that fraudulent concealment takes a claim out of the six-year eligibility limitation. Instead, the court found that the defendants had not stated a sufficient claim for fraudulent concealment. *Id.* The court concluded that, because of the lack of proof, the defendants' fraudulent concealment allegation had no impact on the application of the Rule 603 six-year eligibility requirement.

---

**1.** NYSE Rule 603 is the New York Stock Exchange version of NASD § 15.

**2.** In *Roney*, the Sixth Circuit was confronted with interpretation of NYSE Rule 603.

The court in *McCoy* was faced with an action, identical to this case, for an injunction prohibiting arbitration before the NASD. The court ruled that the district court must determine which claims were eligible for arbitration. In remanding the case to the district court, the court provided clear instruction as to the handling of the fraudulent concealment claim,

> . . .; *should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration. See Roney,* 981 F.2d at 900.

995 F.2d at 651. (Emphasis added.)

Explicit in the court of appeals rulings and findings in *Roney* and *McCoy,* is the conclusion that the six-year eligibility period operates as a statute of repose. Implicit in the ruling is the conclusion that fraudulent concealment is a condition which tolls the six-year eligibility period. The instruction provided to the district court by the court of appeals in *McCoy* is both explicit and unambiguous. 995 F.2d at 651. If there is adequate proof of fraudulent concealment, defendants' claims more than six years old "may still be pursued in arbitration."

## IV. *DEFENDANTS' CLAIMS OF FRAUDULENT CONCEALMENT*

Defendants contend that the running of the NASD § 15 six-year eligibility period should be tolled under the equitable doctrine of fraudulent concealment. As pointed out in *McCoy, supra,* the relevant state law of fraudulent concealment must be applied. Under Michigan law, the statute of limitations will not be tolled absent some proof that plaintiffs' conduct constituted fraudulent concealment. *Lumber Village, Inc. v. Siegler,* 135 Mich.App. 685, 694, 355 N.W.2d 654 (1984) (citing M.C.L. § 600.5855; M.S.A. § 27A.5855). "As a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation." *Id.* Ordinarily, silence alone does not constitute fraudulent conceal-

ment. *Id.; Gomez v. Great Lakes Steel Division National Steel Corp.,* 803 F.2d 250, 254 (6th Cir.1986); *Schram v. Burt,* 111 F.2d 557, 563 (6th Cir.1940); *Grebner v. Runyon,* 132 Mich.App. 327, 340, 347 N.W.2d 741 (1984). An exception to the affirmative act rule exists where there is a fiduciary relationship. *Lumber,* 135 Mich.App. at 695, 355 N.W.2d 654. If a fiduciary relationship does exist, there is an affirmative duty to disclose material facts. *Id.* at 695, 355 N.W.2d 654. Thus, nondisclosure can serve as a basis for a fraudulent concealment action.

In this case, defendants do not argue that plaintiffs' conduct was manifested by an affirmative act but contend that the parties occupied a fiduciary relationship thus providing an exception to the requirement of an affirmative act. Defendants argue that a fiduciary relationship arose because they were induced into trusting the management of their financial affairs to plaintiffs. Thus, plaintiffs had an obligation to disclose material facts. Defendants argue that tolling of the NASD § 15 six-year eligibility period is necessitated by plaintiffs' nondisclosure of the fact that they were receiving commissions on the investments they sold to defendants. Defendants admit that they knew they were paying commissions, but allege that plaintiffs fraudulently concealed the fact that plaintiffs were the recipients of the commissions. Defendants believe this information is material because the same people who were advising them to make certain investments, and who received a fee for this service, also received the commissions that were generated by defendants' purchases. Defendants allege plaintiffs were recommending investments, not for the benefit of defendants, but instead to generate large commissions for themselves.

In *Leib v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* 461 F.Supp. 951 (E.D.Mich.1978), I defined the circumstances under which a fiduciary relationship arises between a broker and his or her customer. I concluded that brokers have a limited duty to their customers where the customer maintains a non-discretionary account [3] with the

---

**3.** A non-discretionary account is one in which

the customer, rather than the broker, determines

brokerage company. *Id.* at 952. The duties associated with a non-discretionary account include:

> (1) the *duty to recommend* a stock only after studying it sufficiently to become informed as to its nature, price and financial prognosis; (2) the duty to carry out the customer's orders promptly in a manner best suited to serve the customer's interests; (3) the duty to inform the customer of the risks involved in purchasing or selling a particular security; (4) the duty to *refrain from self-dealing or refusing to disclose any personal interest the broker may have in a particular recommended security;* (5) the duty not to misrepresent any fact material to the transaction; and the duty to transact business only after receiving prior authorization from the customer.

*Id.* at 953 (emphasis added) (citing: *Cash v. Frederick & Co.,* 57 F.R.D. 71 (E.D.Wis. 1972); *Hanly v. S.E.C.,* 415 F.2d 589 (2d Cir.1969); *Richardson v. Shaw,* 209 U.S. 365, 28 S.Ct. 512, 52 L.Ed. 835 (1908); *Robinson v. Merrill Lynch,* 337 F.Supp. 107 (N.D.Ala. 1971); *Chasins v. Smith Barney & Co.,* 438 F.2d 1167 (2d Cir.1971); *S.E.C. v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963); *Shorrock v. Merrill Lynch,* Fed.Sec.L.Rep. (CCH) P96,251, 1977 WL 1064 (D.Or., Nov. 18, 1977); *Carras v. Burns,* 516 F.2d 251 (4th Cir.1975)). No fiduciary relationship arises on the basis of duties owed to non-discretionary account customers.

■ Unlike the broker who handles a non-discretionary account, the broker handling a discretionary account [4] becomes the fiduciary of his customer in a broad sense. *Leib,* 461 F.Supp. at 953. The broker of a discretionary account must:

> (1) manage the account in a manner directly comporting with the needs and objectives of the customer as stated in the authorization papers or as apparent from the customer's investment and trading history; (2) keep informed regarding the

which purchases and sales to make. *Leib v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* 461 F.Supp. 951, 952 (E.D.Mich.1978)

changes in the market which affect his customer's interest; (3) keep his customer informed as to each completed transaction; and (5) explain forthrightly the practical impact and potential risks of the courses of dealing in which the broker is engaged.

*Id.* (citing: *Rolf v. Blyth, Eastmon Dillon & Co., Inc.,* 570 F.2d 38 (2d Cir.1978); *Robinson v. Merrill Lynch,* supra; *Stevens v. Abbott, Proctor and Paine,* 288 F.Supp. 836 (E.D.Va.1968)).

■ Between the discretionary and non-discretionary account is a hybrid-type account in which the broker has in fact usurped actual control over a technically non-discretionary account. In such cases the courts have held that the broker owes his customer the same fiduciary duties owed to the owner of a discretionary account. *Leib* at 954; *Hecht v. Harris, Upham & Co.,* 430 F.2d 1202 (9th Cir.1970). In determining whether a broker has assumed control of a non-discretionary account the courts weigh several factors:

> (1) the courts examine the age, education and intelligence and investment experience of the customer; (2) if the broker was socially or personally involved with the customer, the courts are likely to conclude that the customer relinquished control because of the relationship of trust and confidence; (3) if many of the transactions occurred without the customer's prior approval, the courts will often interpret this as a serious usurpation of control by the broker; (4) if the broker and the customer speak frequently with each other regarding the status of the account or the prudence of a particular transaction, the courts will usually find that the customer, by maintaining such active interest in the account, thereby maintained control over it.

*Leib,* 461 F.Supp. at 954 (citing: *Kravitz v. Pressman, Frohlich & Frost,* 447 F.Supp. 203 (D.Mass.1978); *Hecht v. Harris, supra; Marshak v. Blyth Eastmon Dillon & Co., Inc.,* 413 F.Supp. 377 (N.D.Okla.1975); *Shor-*

**4.** The broker of a discretionary account does not need customer authorization before making transactions. *Leib,* 461 F.Supp. at 953.

*rock v. Merrill Lynch, supra; Robinson v. Merrill Lynch, supra* ).

█ It is clear in this case that defendants maintained a non-discretionary account with plaintiff USFG. Defendants admit they received prospectuses and other literature regarding recommended investments and the risks associated with those investments. They made the purchase and sale decisions. The fact that the decisions made by defendants were usually pursuant to the recommendations of plaintiffs does not alone constitute usurpation of control so as to impose a fiduciary relationship on plaintiffs as to defendants' non-discretionary account. Plaintiffs, as brokers, had a duty to make recommendations based on their skill and knowledge. *Leib, supra.*

Defendants' Amended Demand for Arbitration states:

> Respondents' (sic) [plaintiffs] at all times relevant to this Demand for Arbitration held themselves out as fiduciaries to the Claimants' (sic) by virtue of the credentials they presented to the Claimants' (sic) and due to Richard and Marilyn's [defendants'] lack of investment experience in rare coins, computer leasing, annuities, life insurance, oil and gas and equipment leasing limited partnerships.

(Defs.' Am.Dem. for Arb. para. 35.) Defendants do not allege any other facts to support their assertion that there was a fiduciary relationship. Although defendants were retirees, there are no allegations that they were taken advantage of due to their age or were of limited intelligence. Additionally, defendants owned a number of investments before they began a relationship with plaintiffs.[5] Defendants received numerous communications and statements regarding their investments and proposed investments on a very regular basis. The fact that defendants had no experience in the investments recommended by plaintiffs does not alone serve as a basis for the finding of a fiduciary relationship.

Defendants argue that because plaintiffs acted as financial advisors *and* investment brokers, they had a fiduciary duty to disclose that they were the recipients of the commissions defendants knowingly paid. There is support for the assertion that there was a duty to disclose, both in the duties outlined in *Leib, supra,* and in other case law. *See Rolf v. Blyth Eastmon Dillon & Co.,* 424 F.Supp. 1021 at 1042 (S.D.N.Y.1977) (if a broker acts only as an order-taker, he cannot offer advice; if he begins to offer advice, he must not fail to make full disclosure). Because Davis and Kirkland were not fiduciaries of defendants, their failure to fully disclose that they were the recipients of the commissions paid by defendants does constitute a breach of fiduciary duty. As such, Davis and Kirkland's nondisclosure cannot be the basis for a fraudulent concealment claim so as to toll the NASD § 15 six-year eligibility period.

## V. ARBITRABLE CLAIMS

Defendants filed their complaint with the NASD Arbitration Board on November 11, 1992.[6] The relevant claims of defendants' amended complaint are:

1. Breach of fiduciary duty by constructing a financial plan that was not appropriate for the defendants' financial objectives;

2. Breach of contract;

3. Fraudulent misrepresentation;

4. Innocent misrepresentation;

5. Violation of § 10(b) of the Security and Exchange Act and SEC rule 10b–5;

6. Violation of the Investment Advisors Act of 1940 and/or the Michigan Investment Advisor's Act, M.C.L. § 451.502;

7. Michigan Blue Sky violations;

8. Negligent supervision of defendants financial plan; and

9. Violation of RICO, 18 U.S.C. §§ 1961 *et seq.*

---

**5.** At the time defendants submitted their financial information to plaintiffs, over 50% of their assets were in the form of various investments: stocks/securities ($49,807); IRA ($49,358); and annuities ($144,965). (Defs.' Am.Dem. for Arb. para. 19; Defs.' Suppl.Br.Ex. C.)

**6.** They also filed an amended complaint on August 20, 1993.

Presumably, each of these claims is alleged as to each purchase made by defendants. Defendants made the following purchases:

| Date | Purchase | Amount |
|------|----------|--------|
| August 27, 1986 | Kagin's Numismatics (coins) | $20,000 |
| September 11, 1986 | Merrico (limited partnership) | $20,000 |
| September 22, 1986 | Gemini VII (limited partnership) | $20,000 |
| September 23, 1986 | Phoenix (limited partnership) | $20,000 |
| September 29, 1986 | National Bond Fund (junk bonds) | $20,000 |
| February 29, 1988 | Gemini XIV (limited partnership) | $20,000 |

Because, defendants' allegations do not meet the requirements for fraudulent concealment under Michigan law, the date of purchase of the investment is the measurement date for NASD § 15 eligibility purposes. Thus purchases made prior to November 11, 1986 are ineligible for arbitration. Only defendants' claims (1–9 above) related to the February 29, 1988, investment, may be submitted to arbitration.

## VI. *NASD § 15 SECOND SENTENCE*

The second sentence of NASD § 15 provides in pertinent part: "This section shall not extend *applicable statutes of limitations,* . . ." (Emphasis added.) The court in *Davis* [7] *v. Skarnulis,* 827 F.Supp. 1305, 1308 (E.D.Mich.1993), interpreted this sentence as an agreement that the arbitrators would abide by all federal and state statutes of limitations in adjudicating disputes which have been determined eligible for arbitration. Thus, a claim, once submitted to arbitration, may be dismissed where it is barred by a federal or state statute of limitation. Although I have determined that defendants' claims related to the February, 1988, purchase are eligible for arbitration, the arbitrators, in this instance are not bound by the eligibility decision alone. If it is determined, after applying the applicable federal and state statutes of limitations, that defendants' claims are time barred, defendants' remaining claims are subject to dismissal by the arbitrators.

The last phrase of § 15 provides ". . . nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." The district court in *Dean Witter v. McCoy,* 853 F.Supp. 1023, 1032 (E.D.Tenn.

March 11, 1994), concluded that this phrase must be read in conjunction with NASD Code § 18(b) which provides:

(b) The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim, or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted.

Essentially, section 18(b) means, in the event the parties have filed their dispute, claim or controversy with a court of competent jurisdiction, within the NASD § 15 six-year eligibility period, the eligibility period will be tolled during the time the court retains jurisdiction over the matter. *Id.* at 1032. Thus, a claim outside the eligibility period may still be pursued in arbitration if determined by a court which obtained jurisdiction over the claim before the eligibility period expired. *Id.*

Defendants never filed an action in this court before, nor after, the NASD § 15 six-year eligibility period had expired. Thus, there is no basis, and I have no authority to order defendants' claims, which are outside the six-year eligibility period, to arbitration.

### *CONCLUSION*

Defendants' claims more than six-years old do not meet the NASD § 15 eligibility requirement. Although fraudulent concealment does toll the six-year eligibility period, defendants' claims of fraudulent concealment do not warrant tolling of the eligibility period in this case. Because nondisclosure is not an affirmative act of concealment, and because

7. The plaintiffs in this case were also the plaintiffs in *Skarnulis.*

there was no fiduciary relationship between plaintiffs and defendants, the nondisclosure alleged by defendants does not constitute fraudulent concealment. Defendants are enjoined from submitting to arbitration before the NASD any claims which involve purchases made prior to November 11, 1986.

**IT IS SO ORDERED.**