**PRUDENTIAL SECURITIES, INC., Plaintiff,**

v.

**Roberta V. MILLS, Defendant.**

**No. 96–2416 M1/A.**

United States District Court, W.D. Tennessee, Western Division.

June 24, 1996.

---

William E. Frulla, Waring Cox, Memphis, TN, Robert D. Feighner, David M. Bartholomew, Alissa B. Janes, Keesal Young & Logan, Long Beach, CA, for plaintiff.

Martin H. Aussenberg, Law Offices of Martin H. Aussenberg, P.C., Memphis, TN, Frederick J. Keitel, III, Joseph G. Murasko, Law Office of Frederick J. Keitel, III, P.A., Palm Beach, FL, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

McCALLA, District Judge.

Before the Court is plaintiff Prudential Security Inc.'s Motion For Preliminary Injunctive Relief, filed April 16, 1996. On May 16, 1996, the parties argued the motion before the Court. For the reasons stated below, the Court GRANTS plaintiff's motion for injunctive relief, as to arbitration of defendant's claims before the American Stock Exchange (ASE).

Prudential Securities Inc. (PSI) is a corporation engaged in the business of the brokering of securities, and duly organized and

existing under the laws of the State of Delaware with its principal place of business in New York, New York. In 1983, defendant Roberta Mills, a resident of Tennessee, opened a brokerage account with PSI. From 1983 through 1989, Mills invested in various securities through PSI; in 1992 and 1993, Mills closed her brokerage accounts.

The issue presented by plaintiff's motion is whether defendant Roberta Mills' claims against PSI, as to all but one investment made on August 29, 1989,[1] are subject to arbitration. Plaintiff PSI asserts that Rule 605(a) of the ASE Arbitration Rules does not allow arbitration of a controversy where six years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. On these grounds, plaintiff asks the Court to enjoin arbitration, and to declare defendant's claims ineligible for arbitration. Arbitration currently is set for June 24, 1996 in Memphis, Tennessee.

In her response to plaintiff's motion for preliminary injunctive relief, defendant argues that the six years limit under Rule 605(a) has not run. Defendant contends that PSI is unable to show a substantial likelihood of success because plaintiff's allegedly fraudulent conduct equitably tolls Rule 605(a)'s six-year bar,[2] and because the date of discovery, not the date of investment, triggers the six-year rule. Defendant also maintains that: (1) PSI cannot show irreparable injury, (2) a balancing of interests requires the motion be

denied, and (3) an injunction is adverse to the public interest.

In order to show entitlement to a preliminary injunction, a plaintiff must show "(1) substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." *U.S. v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983); *Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir.1987).

With regard to the first prong of the requirement for a preliminary injunction, the key issues concern the applicability to this matter of Rule 605(a), Section 9544, of the ASE Arbitration Rules. Rule 605(a) provides in relevant part,

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

Accordingly, the corollary question in this matter is whether the case's eligibility for arbitration is appropriately decided by the district court, or whether the question of eligibility for arbitration is appropriately decided by the arbitration panel.

---

1. Mills filed her claim on August 25, 1995, listing fourteen (14) investments made by PSI on her behalf, from August 15, 1983, to August 29, 1989. The following is a list of plaintiff's investments:
 1. First Capital Income IX, $7.000.00, on August 15, 1983.
 2. First Capital Income IC, $2,000.00, on August 16, 1983.
 3. Prutech R & D I, $5,000.00, on December 15, 1983.
 4. Equitec Real Estate Investors, $2,000.00, on October 1, 1984.
 5. Century 20, $5,000.00, on January 22, 1985.
 6. Lorimar Film Partners, $5,000.00, on January 28, 1986.
 7. Growth Hotel I, $5,000.00, on May 9, 1989.
 8. Century Pension Income Fund, $4,000.00, on September 11, 1986.
 9. Growth Hotel II, $8,000.00, on October 20, 1986.
 10. Fogelman Secured Equity, $10,000.00, on November 14, 1988.
 11. Metric Growth Suite, $15,000.00, on March 16, 1989.
 12. Polaris Income V, $5,000.00, on June 12, 1989.
 13. Metric Income Trust, $7,000.00, on July 18, 1989.
 14. Polaris Income V, $2,000.00, on August 29, 1989.

 The parties agree that plaintiff's last investment, made on August 29, 1989, is subject to arbitration; plaintiff maintains that this investment alone falls outside the six-year rule.

2. Defendant's complaint is based on plaintiff's allegedly fraudulent conduct. Defendant alleges that PSI: (1) made investments in unsuitable securities; (2) made false statements in connection with the sale of these securities; and (3) fraudulently concealed the value of claimant's investments by failing to discount the face value of limited partnerships by the offering expenses of the limited partnerships.

■ Four cases in the Sixth Circuit's district and appellate courts address the issues of, first, whether the six-year limitation is a substantive bar to arbitrability, and second, what forum determines eligibility for arbitration. The relevant cases are: (1) *Roney & Co. v. Kassab*, 981 F.2d 894 (6th Cir.1992); (2) *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993) (hereinafter "*McCoy 1*"), and on remand, *Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023 (E.D.Tenn.1994) (hereinafter "*McCoy 2*"); (3) *Davis v. Keyes*, 859 F.Supp. 290 (E.D.Mich.1994); and (4) *Vestax Securities Corporation v. Desmond*, 919 F.Supp. 1061 (E.D.Mich.1995).

■ As a threshold issue, the Sixth Circuit, in agreement with the Third and Seventh Circuits,[3] has found that the six-year period in Rule 605(a) and other equivalent rules[4] is a substantive bar to arbitrating actions because it operates as an eligibility requirement. *Roney*, 981 F.2d at 894; *McCoy 1*, 995 F.2d at 649. The Sixth Circuit has further determined that the question of which issues "are eligible" for arbitration is a question for the courts to decide. *Roney*, 981 F.2d at 894; *McCoy 1*, 995 F.2d at 651.[5]

Defendant relies primarily on *Paine-Webber Inc. v. Bybyk*, 81 F.3d 1193 (2d Cir. 1996) for the proposition that the arbitration panel should determine whether the case is barred from arbitration by the six-year rule. *Id.* at 1198. *Bybyk* is in conflict with a New York state court case, which, like *Bybyk*, was decided under principals of New York law, and remains good law. *See Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308, *cert. denied*, —— U.S. ——, 116 S.Ct. 59, 133 L.Ed.2d 23 (1995). Further, as evident from the discussion above, *Bybyk* is also clearly in conflict with *Roney* and *McCoy 1*.

In accordance with the weight of authority, and specifically, Sixth Circuit law, the district court is the appropriate forum to determine whether Rule 605(a) bars a case from arbitration.

## FRAUDULENT CONCEALMENT

The Court now considers the question of whether fraudulent concealment impacts the six-year rule. In *Roney*, the appellees argued that their claims were not subject to the six-year eligibility requirement because appellants had engaged in fraudulent concealment. The Sixth Circuit held that the six-year limit applied and barred the case from arbitration. The court did not determine whether fraudulent concealment removes or stays a claim from the six-year eligibility limitation, finding that the defendants had not stated a sufficient claim for fraudulent concealment to warrant determi-

---

**3.** The Third and Seventh Circuits have concluded that the six-year limitation does not act as a statute of limitation, but as a statute of eligibility; they hold that claims submitted to arbitration more than six years after the event or occurrence giving rise to the claim (defined as the purchase) are ineligible for arbitration, irrespective of whether a fraudulent concealment claim is raised. *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 512 (7th Cir.1992); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jana*, 835 F.Supp. 406, 411 (N.D.Ill.1993.); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 510–14 (3d Cir.1990); *PaineWebber Inc. v. Farnam*, 870 F.2d 1286, 1292 (7th Cir.1989).

**4.** *Roney* actually involved Rule 603 of the New York Stock Exchange, and *McCoy* examined Section 15 of the NASD Code of Arbitration. These Rules are essentially identical in language to Rule 605(a), considered in the present matter. *See McCoy 1*, 995 F.2d at 651.

**5.** In *McCoy*, investors brought a claim before NASD alleging that Dean Witter mismanaged funds and gave false assurances. The plaintiff Dean Witter argued the investors were time-barred under Section 15 of the NASD, and moved for a preliminary injunction against arbitration. The *McCoy 1* court, relying on *Roney*, found:

> [T]he court must first determine from the contract provisions dealing with arbitration the particular grievances that are intended to be subject to arbitration. [Citation omitted.] Since the word "eligible" must be given its plain and literal meaning and interpreted ... as absolutely barring stale disputes from reaching arbitration [citations omitted], the District Court must make that determination before arbitration may commence.

*McCoy 1*, 995 F.2d at 651. The court further stated, "Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant state law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrong, then the claims potentially may still be pursued in arbitration." *Id.*

nation of the issue: "Appellees have presented no evidence to meet their burden of proving that Roney attempted to conceal any wrongdoing ... Accordingly, the fraudulent concealment allegation can have no impact upon the application of Rule 603." *Roney*, 981 F.2d at 900. Similarly, in remanding *McCoy* to the district court for a determination of which claims were eligible for arbitration, the Sixth Circuit left ambiguous the question of whether arbitration was appropriate in cases over six years old involving fraudulent concealment. The Sixth Circuit stated:

> [S]hould the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration.

*McCoy 1*, 995 F.2d at 651.

Subsequent court decisions have interpreted the Sixth Circuits' statements in *Roney* and *McCoy* differently. Some courts have concluded that *Roney* is premised on the existence of a fraudulent concealment exception to Rule 605(a)'s six-year bar, reasoning that, otherwise, the *Roney* court would not have stated that the appellees in that case had failed to make a sufficient showing of fraud. For instance, in *Davis v. Keyes*, the court, while finding that tolling was not warranted because defendants had not alleged facts which constituted fraudulent concealment, stated:

> Explicit in the court of appeals rulings and the findings in *Roney* and *McCoy*, is the conclusion that the six-year eligibility period operates as a statute of repose. Implicit in the ruling is the conclusion that fraudulent concealment is a condition which tolls the six-year eligibility period. The in-

struction provided to the district court by the court of appeals in *McCoy* is both explicit and unambiguous.

*Keyes*, 859 F.Supp. at 293; *see also, Vestax*, 919 F.Supp. at 1072.[6]

Other courts have refused to extend *Roney's* language, restricting its application to its literal finding, i.e., that the appellees had simply not met their burden of proving fraudulent concealment and thus, the appellees had not presented the court with any further issue as to the arbitrability of the claim. Relying on *Roney* and cases in the Third and Seventh Circuits,[7] the *McCoy* district court on remand found that the six-year eligibility requirement is not equitably tolled by fraudulent concealment. *McCoy 2*, 853 F.Supp. at 1030. The *McCoy 2* court reasoned that the Sixth Circuit's statement in *McCoy 1* is "dicta and is not consistent with the Sixth Circuit's holding in *Roney*." *Id.* at 1029. The district court in *McCoy 2* determined that, since Rule 603 (considered in *Roney* and containing language identical to that in Rule 605(a)) is an eligibility or jurisdictional requirement rather than a statute of limitations, it is not subject to equitable tolling on the ground of fraudulent concealment. *Id.* at 1031.

This Court agrees with *McCoy 2's* reading of *Roney*. As the *Roney* court went no further than its conclusion that the plaintiff in that case had failed to demonstrate fraudulent concealment, this Court will not read anything further into the *Roney* opinion. Similarly, the Sixth Circuit's language in remanding *McCoy* to the district court is hypothetical, and includes no finding or other determinative statement that arbitration, otherwise barred by the six-year rule, is available when fraudulent concealment is proven. Thus, *McCoy 2* cannot stand for any

---

**6.** In *Vestax*, relying on *Roney* and *McCoy 1*, the court agreed with *Keyes*. The *Vestax* court found that arbitration was appropriate, despite the claim falling outside the six year limit:

> Here, Desmond [the defendant] has alleged that Vestax 'made inadequate or misleading disclosures concerning the status, value and suitability of the investments' which were 'designed to conceal Respondents' previous misconduct.' This should be sufficient allegation to toll section 15 and to require arbitration of

the claim of fraudulent concealment. If Desmond's claim of fraudulent concealment is factually deficient, it will ultimately be decided in arbitration.

*Vestax*, 919 F.Supp. at 1072. It should be noted that the *Vestax* court's indication that the determination of fraud should be made in arbitration is inconsistent with the approach taken by the *Roney* and *McCoy 1* courts.

**7.** *McCoy 2*, citing *Sorrells*, 957 F.2d 509; *Hartmann*, 921 F.2d 507; *Farnam*, 870 F.2d 1286.

proposition for or against arbitrability when a fraudulent concealment claim is over six years old.

## ACCRUAL OF THE SIX–YEAR LIMITA-TION

■ The next relevant question is when the six-year limitation accrues, i.e., is the accrual period the date of purchase of the security that forms the basis of the claim, or the date of discovery of the allegedly improper conduct? Plaintiff argues that since each of defendant's investments, except that made on August 29, 1989, were made over six years before Mills filed her claim, all but the latter are barred from arbitration pursuant to Rule 605(a). Defendant argues that the date of investment is not determinative, but rather that the date of discovery triggers the rule. Following this rationale, defendant maintains that the fraudulent concealment continued until December 1991 and therefore, Mills' claims are not barred by the six-year rule.

Defendants rely on the internal minutes of an NASD committee meeting and letters from NASD officials and staff, as support for the proposition that the six-year limitation rule should be applied less restrictively.[8] Neither the minutes nor the letters are statutory or case authority, nor do they in any way address the legal issues surrounding the date of accrual. Minutes from committee meeting are not necessarily indicative of a particular NASD position or policy; rather, as meetings are by definition held to further

an exchange of ideas and suggestions, the minutes may merely reflect thoughts considered and rejected, never adopted, or ignored. While the letters indicate that some NASD staff may have believed that the date of discovery should trigger the six-year rule, they do not indicate that this approach was established policy, or even that such an approach was actually applied in a particular case. Thus, as these sources are neither proof of NASD policy, nor legal authority, they do not support a conclusion that the date of discovery rather than the date of investment triggers Rule 605(a)'s six-year bar.

■ The weight of authority holds that the date of accrual is the date of investment. The *McCoy 2* court stated,

> The court holds that the date of the occurrence or event giving rise to the act or dispute, claim or controversy for purposes of Section 15 is the date of the investment [citations omitted]. The date of the occurrence or event does not under any circumstances depend on the date when the aggrieved investor first discovers that he or she has suffered a financial loss.

*McCoy*, 853 F.Supp. at 1030–31. *See also, Edward D. Jones & Co. v. Sorrells*, 957 F.2d at 512 (7th Cir.1992); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jaros*, 835 F.Supp. at 411 (N.D.Ill.1993). By contrast, the *Keyes* court stated, without explanation, that the running of the six-year eligibility period is

---

**8.** Defendant relies on the following NASD committee meeting minutes:

> The Committee was asked to review the determination made at the October 1990 meeting regarding the interpretation of Section 15, specifically the language regarding the occurrence or event giving rise to the act or dispute, claim or controversy. The initial discussion focused on the Committee's feeling that administration of the rule would be easier for the staff if the occurrence or event language was strictly interpreted to mean transaction date. The staff expressed the need for more latitude in interpreting instances where intervening events gave rise to the claim. In such instances, the panel of arbitrators would make the final determination of eligibility of the matter. Mr. Fletcher commented that strict adherence would tend to push cases to the court system and that the staff should err on the side of being more liberal in allowing these claims to be filed in arbitration. The Committee voted

to allow discretion to the staff in interpreting what was the occurrence or event giving rise to the act or dispute, claim or controversy.

In addition, defendant cites a letter from Deborah Masucci, Director of Arbitration at the NASD, which states,

> It has been determined that the purchase date is not the event or occurrence that gave rise to the dispute. Also, Section 15 does not refer specifically to the purchase date as the time that the six year period begins to run. Therefore, it is equally appropriate that the discovery by the claimant be treated as the occurrence or event giving rise to the dispute.

Defendant also quotes a letter from Sara Giambona, Pleadings Legal Assistant for Arbitration Division of the NASD, which supports using the "date of discovery" as the moment of accrual. Def.'s Response in Opposition to Pl.'s Motion for Injunctive Relief, p. 4–5; Def.'s Motion to Dismiss, Ex. C & D.

the date of discovery of the fraud. *Keyes,* 859 F.Supp. at 291. The *Keyes* analysis is based on the premise that, when a claim of fraud is made, the rules applying to statute of limitations apply, wherein the date of discovery is determinative. Thus, for the *Keyes* rationale to follow, fraudulent concealment claims operate to change the nature of the six-year limitation from an eligibility bar to a statute of limitations bar. As discussed above, a fraudulent concealment claim does not stay or remove the six-year bar, and does not change the nature of Rule 605(a) from an eligibility requirement to a statute of limitations.

Accordingly, the six-year bar is calculated from the date of investment and therefore, all of defendant's investments except that made on August 29, 1989, are barred from ASE arbitration.

### APPROPRIATENESS OF INJUNCTIVE RELIEF

As all investments but that made on August 29, 1989, are time barred from arbitration, the first prong of the requirements for preliminary injunctive relief is met.

 Second, plaintiff PSI has demonstrated that it will be irreparably injured if it is forced to defend ineligible claims. Various courts have held that forcing a party to arbitrate claims which they are not required to arbitrate by contract constitutes irreparable injury. *PaineWebber Inc. v. Hartmann,* 921 F.2d 507, 515 (3d Cir.1990); *Gruntal & Co., Inc. v. Steinberg,* 837 F.Supp. 85, 92–93 (D.N.J.1993).

Third, Mills will not be unfairly prejudiced by the granting of an injunction, as she will retain her right to pursue any claims to which she is contractually entitled before the ASE. In fact, on May 16, 1996, subsequent to her May 9, 1996 response to plaintiff's motion for preliminary injunctive relief, defendant Mills filed a motion to dismiss and to compel arbitration before the American Arbitration Association (AAA). Defendant states in her motion to dismiss:

> [T]he Defendant is free to choose to arbitrate before the AAA, and by dismissing the arbitration pending before the AMEX and commencing an arbitration with the

AAA, Defendant has exercised its contractual right to do so. In addition, in order to effectuate the agreement, and as the Court has the power to do under the federal arbitration act [9 U.S.C. § 4], Defendant hereby moves for an order requiring the parties to arbitrate before the AAA, in accordance with their agreement.

Def.'s Second Motion To Dismiss and To Compel Arbitration Before the American Arbitration Association and Incorporated Memorandum in Support Thereof, p. 2. Thus, defendant affirmatively seeks the pursuit of her case in another forum. She cannot therefore claim that she will be unfairly prejudiced by the granting of an injunction barring arbitration of all her claims at the ASE.

Fourth, the public interest is maintained by the enforcement of ASE rules.

For· the reasons stated above, the Court GRANTS plaintiff's motion for preliminary injunctive relief as to arbitration before the ASE. Rule 605(a) of the ASE Arbitration Rules is thereby enforced. Defendant is hereby ENJOINED from seeking to arbitrate a claim before the ASE other than any claim arising out of her August 29, 1989 purchase of Polaris Income V. Accordingly, only defendant's claim as to the August 29, 1989, investment is appropriately subject to ASE arbitration.

SO ORDERED.