DEAN WITTER REYNOLDS, INC., Plaintiff–Appellant,

v.

M.C. McCOY, et al., Defendants–Appellees.

Nos. 92–5542, 92–5849.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1992.

Decided June 14, 1993.

Hugh J. Moore, Jr. (argued and briefed), John W. Murrey, III, Monica L. Wilson (briefed), Witt, Gaither & Whitaker, Chattanooga, TN, George D. Sullivan, New York City, for plaintiff-appellant.

Michael A. Meyer, Sidwell & Barrett, Franklin, TN (argued and briefed), for defendants-appellees.

Before: KENNEDY and BATCHELDER, Circuit Judges; and ENGEL, Senior Circuit Judge.

PER CURIAM.

In 1989, Mr. McCoy and several other persons filed claims against Dean Witter Reynolds, Inc. before the National Association of Securities Dealers ("NASD") Board of Arbitration alleging breach of fiduciary duty, fraud, and the like. These plaintiffs alleged that a Dean Witter broker, Jeffrey Hayden, bilked them out of substantial amounts of money by investing their retirement savings in risky investments to reap excessive fees and commissions all the while assuring the investors that their money would be both secure and prosperous. Evidently, the investments went sour.

Part of the deal McCoy and the other aggrieved investors originally entered into was that all claims against Dean Witter, a member of the NASD, would be decided by arbitration before the Board rather than by litigation before the courts. The Board scheduled a hearing on the claims for February 11, 1992. On January 28, 1992, however, Dean Witter filed an application in Federal District Court for a preliminary injunction against the arbitration pursuant to Fed. R.Civ.P. 65, arguing that McCoy and his co-claimants sought to arbitrate "non-arbitrable" matters, particularly those claims which Dean Witter argued were time-barred under the NASD Code of Arbitration Procedure. The court refused to grant the injunction, and Dean Witter appealed. In the interim, this Circuit decided *Roney & Company v. Kassab*, 981 F.2d 894 (1992), which held that the courts, not arbitrators, must decide which questions parties have agreed to arbitrate. On the basis of that decision, the wisdom of which the District Court did not have the benefit, we now reverse, and remand the disputed matters to the District Court for its learned consideration.

As the District Court properly noted, four factors determine whether granting a preliminary injunction is warranted in a given case:

(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction.

*In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985). We review the District Court's decision for abuse of discretion. *Id.*

Where parties agree to submit any conflicts, breaches or other grievances arising under a contract to an arbitrator, they are, naturally enough, bound by that agreement, and a party may not unilaterally decide, at the last minute, that it would prefer to take the disputed matter to court. *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648–49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). However, the questions of whether certain parties are contractually bound to arbitrate and what issues may be arbitrated are for the courts to decide; "a party cannot be forced to 'arbitrate the arbitrability issue.' " *Litton Financial Printing v. NLRB*, —— U.S. ——, ——, 111 S.Ct. 2215, 2226, 115 L.Ed.2d 177 (1991) (*quoted in Roney and Co.*, 981 F.2d at 898).

The parties do not dispute that an agreement to arbitrate exists, or that the NASD Code binds them. However, Dean Witter points to the following Code provision to show that most, if not all of the appellees' claims, which arise out of transactions that took place in the early Eighties, are time-barred and not arbitrable:

**Time Limitation on Submission**

Sec. 15. No dispute, claim, or controversy shall be eligible for submission to

arbitration under this Code where six (6) years have elapsed from the occurrence of the event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

NASD Code, § 15. As Dean Witter reads this section, time-barred claims are not "eligible" for arbitration, and therefore the courts must decide as a threshold matter whether time remains for claimants to bring their actions before the Board.

In *Roney,* we agreed with the position Dean Witter takes here, albeit in the context of the Rules of the New York Stock Exchange (NYSE), which are similar in substance to the NASD Code and serve the same function in arbitration arising out of dealings on that Exchange. Indeed, Rule 603 of the NYSE and Section 15 of the NASD Code are identical in both text and application. *Roney,* 981 F.2d at 898 (quoting *PaineWebber, Inc. v. Hartmann,* 921 F.2d 507, 513 (3d Cir.1990)). We held in that case, and hold now in the context of NASD Rule 15, that "the court must first determine from the contract provisions dealing with arbitration, the particular grievances that are intended to be subject to arbitration." *Id.* at 899 (quoting *General Drivers, Warehousemen and Helpers, Local Union 89 v. Moog Louisville Warehouse,* 852 F.2d 871 (6th Cir. 1988)). Since "the word 'eligible' must be given its plain and literal meaning and interpreted ... as absolutely barring stale disputes from reaching arbitration," *id.* (quoting *Hartmann,* 921 F.2d at 513), the District Court must make that determination before arbitration may commence. Not only is it likely that Dean Witter will succeed on the merits of its argument that the question of arbitrability under NASD § 15 is not arbitrable, under *Roney,* its success is certain. Thus, injunctive relief must be given, and we need not proceed to weigh the other three factors.

We stress that we do not reach the question, as we did in *Roney,* as to whether Section 15 actually does bar the claims against Dean Witter; we hold only that the District Court must make that determination. Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration. *See Roney,* 981 F.2d at 900.

For the reasons described, the judgment of the District Court is **REVERSED** and **REMANDED.**