## PRUDENTIAL SECURITIES INCORPORATED, Plaintiff,

v.

## Greg E. LaPLANT, Defendant.

### Civ. A. No. 93–2223–JWL.

United States District Court, D. Kansas.

Oct. 20, 1993.

■

Timothy J. Sear, Cathy J. Dean, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, for plaintiff.

John J. Miller, Nygaard & Associates, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On July 22, 1993, 829 F.Supp. 1239, this court filed its Memorandum and Order granting in part and denying in part plaintiff's motion for preliminary injunction and defendant's motion to compel arbitration. The effect of the court's order was to lift a temporary stay on arbitration concerning any claims based on an alleged violation occurring within the six-year period preceding the filing date of the arbitration case and continuing the stay on arbitration of claims based on events which actually occurred more than six years before that filing date. The court also gave the defendant until August 20, 1993 to file a counterclaim in this case setting forth any of the claims concerning which the arbitration stay was entered, with the added caveat that the court would then stay any proceeding on the merits of those claims pending resolution of those claims timely filed in the arbitration proceeding.

On August 20, 1993, the defendant filed his counterclaim and also filed a motion for reconsideration (Doc. # 13), asking the court to reconsider and withdraw its July 22, 1993 order and to dismiss or stay this action, sending the entire matter to arbitration. Because the motion for reconsideration was untimely and because it lacks merit, the court denies it and now enters a stay of this action, as it indicated it would do in its earlier memorandum and order, pending resolution of the arbitration.

As the plaintiff correctly points out in its response to the motion to reconsider, a motion to reconsider is purely a creature of local rule and is not covered by any provision of the Federal Rules of Civil Procedure. Rule 206(f) of the Rules of Practice and Procedure for the United States District Court for the District of Kansas allows for a motion to reconsider, but provides that it must be filed within ten (10) days after entry of the order concerning which reconsideration is sought unless the time is extended by the court. No request to extend the time was made here and the motion was filed well outside the ten-day limit.

Moreover, defendant's motion simply lacks merit. As succinctly stated by Judge Belot in the *Comeau* case, the standard under which the court reviews a motion to reconsider is as follows:

A motion to reconsider is appropriate where the court has obviously misappre-

hended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed' is likewise inappropriate."

*Comeau v. Rupp,* 810 F.Supp. 1172, 1174–75 (D. Kan.1992) (citations omitted). Here the defendant's motion for reconsideration amounts to little more than a rehash of its original position. The defendant may disagree with the court's holding, but he has provided it with nothing new which would have altered its decision.

The court previously considered, although it did not cite, *Dean Witter Reynolds v. McCoy,* 995 F.2d 649 (6th Cir.1993). It agrees with the plaintiff's characterization of that case as largely supporting the court's rationale here, albeit the *McCoy* court and this court may disagree in the use of the term "statute of repose" as an analogue to the function of Section 15 of the NASD Code of Arbitration Procedure. That difference, however, is without consequence to the reasoning underlying either court's decision on the issue raised by the defendant here. With regard to *FSC Securities Corp. v. Freel,* 811 F.Supp. 439 (D.Minn.1993), that decision was available to the defendant to include in his original papers and it merely reflects a treatment of the section which this court considered but with which it disagrees.

Therefore, defendant's motion for reconsideration (Doc. # 13) is denied. Further proceedings in this case, however, are stayed pending resolution of the arbitration. Counsel for the parties are directed to report to the court in writing no later than July 22, 1994, concerning the status of that arbitration in the event that it has not been terminated earlier.

**IT IS SO ORDERED.**