**A.G. EDWARDS & SONS, INC. and John K. Stark, Petitioners,**

v.

**David J. CLARK and Mary E. Clark, Respondents.**

**No. 1:94–CV–441.**

United States District Court, W.D. Michigan, Southern Division.

Sept. 13, 1994.

Gary M. Saretsky, Hertz, Schram & Saretsky, P.C., Bloomfield Hills, MI, for A.G. Edwards & Sons, Inc. and John K. Stark.

David J. Clark, Traverse City, MI, pro se and for Mary E. Clark.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

In this case, Petitioners, A.G. Edwards & Sons and John Stark, seeks a declaratory judgment enjoining and dismissing Respondents' arbitration proceedings before the National Association of Securities Dealers, Inc. (NASD). Before the Court at this time is Petitioners' Motion to Enjoin and Dismiss Arbitration Proceedings. As Respondents have agreed to stay the arbitration proceedings pending the Court's resolution of this matter, the sole issue at this time is whether the Court should dismiss Respondents' arbitration proceedings.

### I

Respondent [1] had $150,000.00 which he invested through Petitioners. Respondent asserts that he wanted only safe investments. In 1986 and 1987, Petitioner Stark apparently recommended that Respondent invest in options. Having followed Petitioner Stark's recommendation and not pleased with the poor returns, Respondent wanted to get out of options trading but Petitioner Stark allegedly talked him into staying with options trading in April 1987. In October 1987, Respondent suffered substantial losses allegedly due in part to an increase in the margin rate from five percent to twenty-five percent even

though Petitioner A.G. Edwards allegedly told him the rate would remain at five percent. On October 26, 1987, Petitioner A.G. Edwards issued a margin call which left Respondent with a margin debt of $100,000 which was deducted from his other holdings.

On February 23, 1994, Respondents filed an arbitration claim with the NASD. That claim stated four theories of relief: (1) suitability; (2) misrepresentation and omission; (3) churning; and (4) intent to defraud. All four of these theories are based on the options investments between August 1986 and October 1987.

### II

The issue in this case is whether Respondents' claims are "eligible" for resolution before the NASD Board of Arbitration in light of NASD Code section 15's six-year limit on filings. This case is remarkably similar to *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993). That case, like the instant case, considered the section of the NASD Code which provides:

> Sec. 15. No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence of the event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

NASD Code, § 15. In *McCoy*, the Sixth Circuit adopted the minority position that the courts, rather than arbitrators, are to determine whether a case or issue is subject to arbitration. *Id.* at 650. Thus, in the instant case, it would be proper to enjoin and dismiss the arbitration proceedings if Respondents' claim was not submitted for arbitration within the eligibility period in accordance with NASD Code section 15.

Respondents' Statement of Claim which they submitted to the NASD Board of Arbitration indicates that the wrongs alleged arise out of the purchases of options between August 1986 and October 1987. Therefore,

---

1. "Respondent" in the singular refer to David Clark.

section 15 of the NASD Code will time bar Respondents' submission of their claim on February 23, 1994 since they were not submitted to the NASD Board of Arbitration until after the six-year eligibility period had expired.

There appears to be only one exception to the six-year time bar. In *McCoy*, the court concluded its opinion as follows:

> We stress that we do not reach the question, as we did in *Roney* [ & Co. v. Kassab*, 981 F.2d 894 (6th Cir.1992) ] as to whether Section 15 actually does bar the claims against Dean Witter; we hold only that the District Court must make that determination. Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration.

*Id.* In the *Roney* case referred to in *McCoy*, the Sixth Circuit was analyzing the effect of an identical eligibility provision in the New York Stock Exchange Code. In that case, the court did not expressly state that the eligibility period is tolled by fraudulent concealment, but the court did determine that *Roney* had not fraudulently concealed its alleged wrongdoing. *Roney & Co. v. Kassab*, 981 F.2d 894, 900 (1992).

On remand, the district court in the *McCoy* case has recently issued an opinion which is to be published in which it concludes that these two cases read together do not provide for a tolling period for fraudulent concealment. *Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023 (E.D.Tenn.1994). The court concluded that the *Roney* court was examining whether Kassab had stated a separate claim for fraudulent concealment and was not determining whether fraudulent concealment would toll Kassab's other claims. *Id.* The court concluded that the above-quoted text from the Sixth Circuit's *McCoy* opinion (its own case) was merely dictum which was not consistent with *Roney* and therefore need not be followed. In support of its decision, the court noted that the Seventh and Third Circuit cases relied on by

*Roney* have concluded that there is no tolling for fraudulent concealment.

Senior Judge Feikens has reached the opposite conclusion in a recent case. *See Davis v. Keyes*, 859 F.Supp. 290 (E.D.Mich.1994). He has concluded that fraudulent concealment, as defined by state law, does toll the eligibility period.

Both of these district court cases are well-reasoned. However, it is not necessary for this Court to decide between the two in the instant case since Respondents' claims do not set forth facts supporting a tolling of the eligibility period. Respondents' first claim in their Statement of Claim is for suitability. There is no allegation that Petitioners prevented Respondent from knowing that they were purchasing options—in fact, he approved their purchase. Thus, Petitioners' choice of options was known to Respondent between August 1986 and October 1987—Petitioners did not, and could not have, fraudulently concealed their wrongdoing in this regard, therefore.

Respondents' second claim is for misrepresentation and omissions. The misrepresentations and omissions of which Respondents complain involve Petitioners' failure to warn of the risks of option-trading and misrepresentation of the margin rate on October 27, 1987. By October 27, however, when the bottom fell out on Respondent's account, he was painfully aware of these risks and Petitioners again did not, and could not have, fraudulently concealed anything with regard to this claim after that time.

Respondents' third claim is for churning. As was the case with the suitability claim, Respondent was aware of the volume of trading in his account. Petitioners did not fraudulently conceal this from Respondent.

Finally, Respondents' fourth claim is for fraud. This claim restates the facts alleged under their second claim, simply renaming it. Accordingly, for the same reason stated with regard to that claim, Petitioners did not fraudulently conceal anything from Respondent.

## III

Since Respondents failed to asserts their claims before the NASD within the six-year time period as required by section 15 of the NASD Code, and since there is no basis for a finding of fraudulent concealment, the Court will enter a permanent injunction and Respondents' arbitration proceedings be dismissed.

An order consistent with this opinion will be entered.

### ORDER

In accordance with the opinion entered this date,

**IT IS ORDERED AND ADJUDGED** that Petitioners' motion to enjoin and dismiss arbitration proceedings (docket #1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents' arbitration proceedings before the NASD is permanently enjoined and dismissed.