**McDONALD & COMPANY SECURITIES, INC., et al., Plaintiffs,**

v.

**Ronald J. BAYER, et al., Defendants.**

**No. 95 CV 1355.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 6, 1995.

Brian M. Eisenberg, James F. Lang, Calfee, Halter & Griswold, Cleveland, OH, for plaintiffs.

Stewart D. Roll, Persky, Shapiro, Salim, Esper, Arnoff & Nolfi, Cleveland, OH, for defendants.

*MEMORANDUM OF OPINION
AND ORDER*

NUGENT, District Judge.

The within matter is before this court upon Plaintiff's Complaint for Declaratory Judgment and Preliminary and Permanent Injunction. An oral hearing was held on Tuesday, November 28, 1995. During this oral hearing the parties agreed to file Joint Stipulations with the Court. These stipulations, which provide the necessary factual background for this matter, are as follows:

1. On May 17, 1985, Defendant Ronald Bayer made his first purchase of 12% Ohio State Economic Development Revenue Bonds, Convention lace Series 1983 due 12–1–89 (the "Bonds") for Defendant Mollie Bayer's Account.

2. Within a week or two of this purchase, McDonald sent to Defendants a confirmation slip, the front of which Defendant attached to their Statement of Claim, describing the purchase.

3. On September 11, 1985, Defendant Ronald Bayer made his second purchase of the Bonds for Defendant Mollie Bayer's account.

4. Within a week or two of this purchase, McDonald sent to Defendants a confirmation slip, the front of which Defendants attached to their Statement of Claim, describing the purchase.

5. On October 3, 1985, Defendant Ronald Bayer made his third purchase of the Bonds for Defendant Mollie Bayer's account.

6. Within a week or two of the purchase, McDonald sent to Defendants a confirmation slip, the front of which Defendants attached to their Statement of Claim, describing the purchase.

7. On May 21, 1986, Defendant Ronald Bayer made his fourth purchase of the Bonds, this time for his own account.

8. Within a week or two of this purchase, McDonald sent to Defendants a confirmation slip, the front of which Defendants attached to their Statement of Claim, describing the purchase.

9. McDonald delivered out Defendant Ronald Bayer's bonds on June 16, 1987.

10. McDonald delivered out Defendant Mollie Bayer's bonds on July 10, 1987.

11. On December 12, 1988, the State National Bank sent a notice of default to all bondholders.

12. On or about November 27, 1990, Plaintiffs and Defendants entered into Cash Account Agreements. Those agreements contain the arbitration provisions relevant to this case. A copy of those agreements are attached hereto as Exhibit A.

13. On October 6, 1992, the Defendants filed an action in the Cuyahoga County Court of Common Pleas (the "Cuyahoga Action") which asserted claims against McDonald and Plaintiff Mapes for fraud and breach of fiduciary duty and against McDonald for negligent supervision, all of which related to the four purchases described above.

14. McDonald moved to stay the Cuyahoga Action on the ground that the Bayers had executed binding arbitration agreements.

15. The arbitration agreements executed by the Defendants provide that the arbitration will be conducted "in accordance with the rules obtaining of the selected organization."

16. The court in the Cuyahoga Action stayed the action pending arbitration.

17. On November 17, 1994, the Cuyahoga County Court of Appeals affirmed the stay.

18. On April 21, 1995, the Defendants filed a Statement of Claim with the NASD.

19. Defendant's Statement of Claim asserts claims against McDonald and Plaintiff Mapes for fraud and breach of fiduciary duty and against McDonald for negligent supervision.

20. For purposes of this case, the parties agree that the Court should assume the truth of Defendant's allegations that Plaintiffs had a fiduciary duty to Defendants, that a breach of that duty occurred in that Plaintiffs failed to disclose and misrepresented to Defendants material facts about the bonds as alleged in the Statement of Claim, and that Defendants affir-

matively acted at least twice to fraudulently conceal such facts by making misrepresentations during each purchase subsequent to the first purchase as alleged in the Statement of Claim, and by holding the bonds in safekeeping and not delivering the bonds until June 16, 1987 when the representations could be determined to be false.

At the core of the dispute between the parties in the case herein is this Court's proper interpretation of the parties Joint Stipulations 21 & 22, which state, as follow:

21. Section 15 of the NASD Code of Arbitration Procedure states: "No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction."

22. Section 18(b) of the NASD Code of Arbitration Procedure states: "The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted."

On Friday, December 1, 1995, the Court conducted a second oral hearing in order to decide the propriety of granting plaintiffs' requested preliminary and permanent injunction. The gist of Plaintiff's Motion for Preliminary and Permanent Injunction seeks to enjoin the scheduled National Association of Securities Dealers (hereinafter "NASD") arbitration panel from considering any of Defendant's claims that are based upon events which transpired more than six years before April 21, 1995, the date of Defendants filing of their Statement of Claim with the NASD.

The Court has reviewed the Plaintiff's complaint, the memorandum in support, the memorandum in opposition, and the attachments thereto. In addition, the Court has considered the Joint Stipulations, as set forth above, as well as the oral arguments of both parties and the filings pertaining to those arguments. For the reasons that follow, Plaintiff's Motion for a Preliminary and Permanent Injunction (Doc. # 3) is **DENIED.**

## I.

■ The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). Due to this fact, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. *Id.* The parties in the present case have moved this Court to decide the propriety of the arbitrators jurisdiction over certain claims. Defining the limits of the jurisdiction of the NASD is the function of the district courts. *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir.1993); *Roney & Co. v. Kassab*, 981 F.2d 894, 897–99 (6th Cir.1992); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 510–11 (3rd Cir.1990).

■ Four factors are important in determining whether an injunction is appropriate: (1) the likelihood of plaintiffs' success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). These factors are not prerequisites that must be met by the parties. Rather, they are factors to be used by the district court in balancing whether a temporary restraining order and/or preliminary injunction is proper. *Id.* at 1229.

■ When considering a plaintiff's motion for a preliminary injunction, the Court is required to make the preliminary fact findings necessary to determine whether or not the four factors set forth in *In re DeLorean* weigh in favor of granting equitable relief prior to the completion of normal discovery. *See Cabot Corp. v. King*, 790 F.Supp. 153, 156 (N.D.Ohio 1992).

In the present case, the parties agree that this Court's determination as to the applicability of the time limitations of §§ 15 and 18(b) will result in a resolution of the entire Complaint for Declaratory Judgment and Preliminary and Permanent Injunction. The parties agreed, before the hearing on the application for preliminary injunction, that the trial on the merits (Complaint for Declaratory Judgment and Preliminary and Permanent Injunction) were to be advanced and consolidated into such hearing as permitted by FED.R.CIV.P. 65(a)(2).

## II.

The parties are in disagreement in regard to the proper time interpretation of § 15 of the NASD Code of Arbitration Procedure. In effect, the parties are requesting this Court make a ruling upon whether the six year limitation period of § 15 is subject to equitable tolling.

Defendants, Ronald and Mollie Bayer, argue that their claims under the six-year limitation period should be equitably tolled due to the fraudulent concealment undertaken by Plaintiff's. (See Stipulation No. 20). They argue that the actions undertaken by the Plaintiff's precluded them from becoming aware of the Plaintiff's wrongdoings until, at the very earliest, the time of delivery of the securities in June and July, 1987.

On the contrary, Plaintiffs, McDonald & Co. and Richard Mapes, argue that § 15 is a strict eligibility requirement and not subject to equitable tolling. They contend that the presence, or lack thereof, of fraudulent concealment is immaterial. It is their contention that the "occurrence or event giving rise to the act or dispute" under § 15 is the purchase of the securities. Therefore, they argue that § 15 forbids any "act or dispute, claim, or controversy" in the present case from being arbitrated six (6) years after the underlying purchase of the securities in May, 1985 and May, 1986.

## A. *PARTIES CONSENT TO ARBITRATION*

On November 27, 1990, the parties entered into an arbitration agreement. (See Joint Stipulation No. 12). This arbitration agreement was written by the Plaintiff, McDonald & Co., and provides, as follows:

> "McDonald and the client agree that by McDonald's opening and carrying an account for the client, all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any agreement between us pertaining to securities and any other property, **whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be conducted pursuant to the Federal Arbitration Act and the laws of the State of Ohio, before the New York Stock Exchange, Inc., the National Association of Securities Dealers, [NASD] Inc., . . .**" (Emphasis added).

■ The proper place for the assessment of the timeliness of arbitration demands is the district courts. *Securities Service Network, Inc. v. Cromwell,* 62 F.3d 1418 (6th Cir.1995); *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649 (6th Cir.1993); *see also Roney & Co. v. Kassab,* 981 F.2d 894 (6th Cir.1992) (interpreting identical NYSE Rule 603).

## B. *EQUITABLE TOLLING OF § 15's SIX–YEAR FILING LIMITATION*

The present dispute is set before a panel of arbitrators of the NASD. The Plaintiff's argue that § 15 of the NASD Code of Arbitration Procedure amounts to a strict eligibility rule precluding arbitration of claims more than six years old, regardless of whether they could be subject to equitable tolling for fraudulent concealment. Plaintiff's argue that the "event or occurrence giving rise to the claim" as provided in § 15 is the purchase of the securities between May 17, 1985, and May 21, 1986. (*See* Joint Stipulations Nos. 1–7). Plaintiff's argue that in order for the Defendant's to have properly brought their claim within the six-year eligibility limit of § 15, it must have been filed by May 21, 1992, at the latest. Therefore, due to the fact that Defendant's did not file their action in the Cuyahoga County Court of Common

Pleas until October 6, 1992, they were time barred by the six-year limitation of § 15.

In support of their argument, Plaintiff's rely upon *Dean Witter Reynolds, Inc. v. McCoy,* 853 F.Supp. 1023, 1030–31 (E.D.Tenn.1994), in which the District Court held:

> "[t]he date of "the occurrence or event giving rise to the act or dispute, claim or controversy," for purpose of Section 15, is the date of the investment. *Edward D. Jones v. Sorrells,* 957 F.2d 509, 512–13 (7th Cir.1992); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jana,* 835 F.Supp. 406, 411 (N.D.Ill.1993). The date of the occurrence or event does not under any circumstances depend on the date when the aggrieved investor first discovers that he or she has suffered a financial loss. (Citations omitted). Moreover, since Section 15 is an eligibility or jurisdictional requirement rather than a statute of limitations, **it is not subject to equitable tolling on the ground of fraudulent concealment.** *PaineWebber, Inc. v. Hoffmann,* 984 F.2d 1372, 1381–1382 (3d Cir.1993) (citations omitted). This Court is convinced that if the Sixth Circuit were confronted with this particular question of law, it would choose to follow the decisions of the Third and Seventh Circuits in *Hoffmann* and *Sorrells,* respectively." (Emphasis Added).

However, after the district court's holding in McCoy, supra, the Court's decision was again appealed to the Sixth Circuit Court of Appeals. In the recent decision of *Dean Witter Reynolds, Inc. v. McCoy,* 70 F.3d 1271 (6th Cir. (Tenn.), Nov. 27, 1995) (TABLE, No. 94–5779), the Sixth Circuit, in affirming the district court's granting of summary judgment in favor of Dean Witter, J. Batchelder, writing for the majority, stated the following at pg. 4:

> "The Investors also argue that § 15 is subject to equitable tolling, contending that the six-year time period should be tolled if it is found that fraudulent concealment prevented discovery of the injury. **We need not reach this issue at this time,** however, because we hold that the Investors provided no evidence in response to the motion for summary judgment suffi-

cient to raise a genuine issue of fact material to their claim of fraudulent concealment, and for the reasons stated by the district court, the Investors cannot prove that Dean Witter was guilty of fraudulent concealment." (Emphasis Added).

Although the majority refused to reach the issue of equitable tolling Judge Karen Nelson Moore filed a well-reasoned dissenting opinion that addressed the Sixth Circuit's case law regarding equitable tolling and § 15's six-year filing period for arbitration. Judge Moore stated that "Sixth Circuit case law supports the conclusion that the equitable tolling doctrine should apply to § 15's six-year filing period for arbitration". Further, Judge Moore stated, at page 9, as follows:

> In *Roney & Co. v. Kassab,* 981 F.2d 894, 899–900 (6th Cir.1992), we examined claims of wrongdoing on the part of an investment adviser, and held that Rule 603 of the New York Stock Exchange Code of Arbitration barred from arbitration any dispute originating outside the Rule's six-year eligibility period. (Footnote omitted). Before enjoining arbitration of disputes that had clearly arisen more than six years before filing, however, the *Roney* court examined whether investors had stated a valid claim of fraudulent concealment. *Id.* at 900. Only after finding that fraudulent concealment had not occurred did the court enjoin arbitration. *Id.* at 900–01. In addition to *Roney,* a recent unpublished decision noted that under section 15 "if there is adequate proof of fraudulent concealment, the [investors'] claims more than six-years-old may still be pursued in arbitration," even though the investors' original arbitration claims clearly did not allege fraudulent concealment as an independent injury. *Securities Serv. Network, Inc. v. Cromwell,* No. 94–5778, 1995 WL 456374, at *3–4 (6th Cir. Aug. 1, 1995) (per curiam) (unpublished decision).

In conclusion, Judge Moore urged the majority to "remand the case to the district court for application of the equitable tolling doctrine where appropriate." (J. Moore, dissenting opinion at p. 10). In fact, Judge Moore points out that the original panel of the Sixth Circuit in *Dean Witter Reynolds,*

*Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir. 1993) concluded that "[s]ection 15 is not akin to a statute of repose, should the District Court find, applying the relevant state law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration." (J. Moore, dissenting opinion at p. 9).

■ This Court is in agreement with the rationale set forth by Judge Moore's opinion holding that the six-year eligibility period of § 15 is subject to equitable tolling in situations involving fraudulent concealment.[1] In so holding, this Court finds itself in agreement with numerous other district courts in the Sixth Circuit. *See Davis v. Keyes*, 859 F.Supp. 290, 293 (E.D.Mich.1994) (where there is adequate proof of fraudulent concealment, defendant's claims more than six-years old "may still be pursued in arbitration"); *see also Ohio Co. v. Nemecek*, 886 F.Supp. 1342, 1345–46 (E.D.Mich.1995); *First of Mich. Corp. v. Swick*, 894 F.Supp. 298, 301 (E.D.Mich.1995).

■ Accordingly, the Court holds that § 15's six-year eligibility limitation did not begin to run in the present case until the discovery of the Plaintiff's fraudulent concealment.[2] In *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, the Ohio Supreme Court recognized that an injured person need not be aware of the full extent of the injury before there is a "cognizable event" triggering the statute of limitations. "Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person" that a wrong has taken place. *Id.* at 58, 538 N.E.2d 398. *See*

*also Lynch v. Dial Finance Co. Of Ohio No. 1* (1995), 101 Ohio App.3d 742, 747, 656 N.E.2d 714. In the present case, construing the time of this discovery most in favor of the Plaintiff's, the Court finds that the "cognizable event" which triggered the six-year time limitations of § 15 was the initial delivery of the securities to Mollie Bayer on June 16, 1987.[3] Therefore, the Court finds that in order to satisfy the six-year limitation of § 15, Defendant's had to submit their dispute to arbitration no later than June 16, 1993. Defendant's argue that this six-year limitation was met by the filing of their complaint in the Cuyahoga County Court of Common Pleas on October 6, 1992.

## C. APPLICABILITY OF § 18(b) OF THE NASD CODE

Plaintiffs argue that § 18(b) of the NASD Code of Arbitration Procedure does not apply in the present case. Section 18(b) of the NASD Code of Arbitration Procedure states:

> "The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted."

■ Plaintiff's contend that Defendant's filing of their complaint on October 6, 1992 in the Cuyahoga County Court of Common Pleas was not a "court of competent jurisdiction" as required pursuant to § 18(b). Therefore, Plaintiff's contend that § 18(b) does not apply to toll the running of § 15 from October 6, 1992. A complaint alleging fraud or mistake must be plead with particu-

---

1. In addition, this Court finds that the present matter is similar to that disposed by the Sixth Circuit in *McCoy* (Nov. 27, 1995). In both cases, the arbitration contract did not indicate that the parties agreed to waive their right to employ the equitable tolling doctrine. (See J. Moore, dissenting opinion, p. 7)

2. The issue of fraudulent concealment in the present case is uncontested by the parties. The Plaintiff has stipulated, for purposes of this case, to fraudulently concealing facts pertaining to the securities underlying the parties' transactions. (See Joint Stipulation No. 20).

3. Prior to the delivery of the securities, the Defendants only knowledge concerning the substance of the securities were the representations made by plaintiffs. The record does not show that the defendants received any literature, prospectuses, etc. in regard to the underlying securities. Moreover, the plaintiff has stipulated, for purposes of this case, that they failed to disclose and misrepresented to defendants material facts about the securities. (See Joint Stipulation No. 20).

larity. FED.R.CIV.P. 9(b). The Court finds that the filing by the Defendant's of an action against Plaintiff's for fraud, breach of fiduciary duty and negligent supervision on October 6, 1992 in the Cuyahoga County Court of Common Pleas was a proper submission of the matter to a "court of competent jurisdiction". In addition, the Court finds that the complaint filed with the Cuyahoga County court clearly and particularly plead fraud as required by FED.R.CIV.P. 9(b).

Moreover, the Court finds that the submission of this matter to the Cuyahoga Court acted to trigger § 18 of the NASD. The state court "retained jurisdiction" over the controversy pursuant to § 18(b) until the Ohio Court of Appeals, Eighth Appellate District affirmed the stay on November 17, 1994 (*See Bayer v. Mapes*, 1994 WL 652850 (Cuyahoga App. Nov. 17, 1994), *and* the Ohio Supreme Court dismissed the appeal on March 29, 1995. *See Bayer v. Mapes* (1995), 71 Ohio St.3d 1500, 646 N.E.2d 1125) (See Joint Stipulation No. 14). The Defendants' Statement of Claim with the NASD was filed within a month of the disposition of the matter with the state court. (See Joint Stipulation No. 18).

Therefore, pursuant to the Court's previous finding that § 15 was equitably tolled by the Plaintiff's fraudulent concealment, the Defendant's filing of a Statement of Claim with the NASD on April 21, 1995, was within the proper limitation period set forth by §§ 15 and 18 of the NASD Code of Arbitration Procedure.

*CONCLUSION*

After a thorough review of the filings presented to this court and applying the factors set forth in *In re DeLorean Motor Co.* the Court finds that the Defendant–Bayers' claims as stated in their arbitration complaint are eligible for arbitration. Accordingly, equitable relief in favor of the Plaintiffs is not appropriate at this time.

IT IS ORDERED that the Defendants are allowed to submit to NASD arbitration any and all "disputes claims, or controversies" arising *before* the discovery of Plaintiff's fraudulent concealment on June 16, 1987. Specifically, any "disputes, claims or controversies" arising out of the purchase of securi-

ties between May, 1985 and May, 1986 may be submitted to arbitration.

Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. # 3) is **DENIED**.

IT IS SO ORDERED.