**VALERO TERRESTRIAL CORPORATION, Lackawanna Transport Co. and Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons, Plaintiffs,**

**v.**

**The Honorable Laidley Eli McCOY, Director, Division of Environmental Protection of the Department of Labor, Commerce and Environmental Resources of the State of West Virginia, The Honorable B.F. "CAP" Smith, Chief of the Division of Waste Management for the Division of Environmental Protection, The Public Service Commission, The Honorable**

---

**22.** The Open Space Plan and Mountain Section guidelines are part of the Comprehensive Plan.

James H. Paige, Secretary, Department of Tax and Revenue for the State of West Virginia and The Honorable Darrell V. McGraw, Jr., Attorney General of the State of West Virginia, Defendants.

No. Civ.A 5:93CV189.

United States District Court, N.D. West Virginia.

March 31, 1999.

William F. Fox, Jr., Harleysville, PA, Logan M. Hassig, Snyder & Hassig, New Martinsville, WV, Bruce L. Thall, Spector, Gadon & Rosen, PC, Philadelphia, PA, for plaintiffs.

Silas b. Taylor, Charleston, WV, for James H. Paige, Darrell V. McGraw, Jr., defendants.

Armando F. Nenincasa, Charleston, WV, Matthew B. Crum, Charleston, WV, William E. Adams, Nitro, WV, for B.F. "CAP" Smith, Laidley Eli McCoy, defendants.

*MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER, DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT, DENYING MOTION TO STRIKE MOTION TO AMEND COMPLAINT, DENYING MOTION TO INTERVENE AND FOR RELIEF FROM JUDGMENT ORDER, DENYING MOTION FOR AMENDMENT AND CLARIFICATION OF JUDGMENT, DENYING MOTION TO ALTER AND AMEND JUDGMENT, GRANTING IN PART AND DENYING IN PART MOTION TO VACATE AND DISMISS AND DENYING MOTION FOR ATTORNEY'S FEES AND COSTS*

STAMP, District Judge.

I. *Introduction and Procedural History*

This civil action arises out of West Virginia legislation that affected solid waste collection, disposal and management. Plaintiffs are corporations engaged in the commercial solid waste landfilling and sewage sludge composting industries in West Virginia. On November 4, 1993, plaintiffs filed this civil action in this Court pursuant to 42 U.S.C. § 1983. Plaintiffs alleged that portions of the West Virginia Code, then recently enacted, violated the Commerce Clause, the Due Process Clause and the Equal Protection Clause of the United States. The statutes required plaintiffs to pay solid waste assessments, to abide by "tonnage caps," to include sewage sludge in computing the amount of "solid waste" disposal taking place at their facilities, to give preference to local solid waste disposal needs, and to submit to administrative approvals and voter referenda before expanding existing disposal facilities or opening new facilities.

On September 17, 1997, this Court entered a Memorandum Opinion and Order that declared the following provisions of the West Virginia Code (as it then existed) unconstitutional: § 24–2–1c, § 22–15–10(g), § 22–15–10(f), § 22–15–1(c), §§ 22C–4–24–28, § 22C–4–24, § 22C–4–2(d), § 22–15–20(e), § 22–15–8.

On September 24, 1997, plaintiffs filed a motion for reconsideration of this Court's September 17, 1997 Memorandum Opinion and Order. On September 25, 1997, plaintiffs submitted a supplement to the motion for reconsideration of this Court's September 17, 1997 Memorandum Opinion and Order. On October 8, 1997, the Attorney General and Tax Commissioner filed a response to plaintiffs' motion for reconsideration. On October 10, 1997, plaintiffs filed a reply in support of the motion for reconsideration of this Court's September 17, 1997 Memorandum Opinion and Order.

On October 1, 1997, the Attorney General and the Tax Commissioner filed a motion to alter or amend this Court's September 17, 1997 Memorandum Opinion and Order. On October 7, 1997, plaintiffs filed a response to motion to alter or amend this Court's September 17, 1997 Memorandum Opinion and Order. On October 15, 1997, the Tax Commissioner and Attorney General filed a reply in support of the motion to alter or amend this Court's September 17, 1997 Order.

On October 1, 1997, the Public Service Commission filed a motion to amend or clarify this Court's September 17, 1997 Order. On October 8, 1997, plaintiffs filed a response to the Public Service Commission's motion to amend or clarify. On October 21, 1997, the Public Service Commission filed a reply in support of its motion for amendment and clarification of this Court's September 17, 1997 Order.

On November 28, 1997, the Solid Waste Authorities of Wetzel, Tyler, Jackson, Calhoun, Summers, Monroe, Berkeley, Morgan, and Monongalia Counties (collectively "Solid Waste Authorities") filed a motion to intervene and to be relieved from the judgment of this Court's September 17, 1997 Order. On December 5, 1997, plaintiffs filed a response to the Solid Waste Authorities motion to intervene and for relief from judgment. On December 17, 1997, the Solid Waste Authorities filed a reply in support of the motion to intervene and for relief from judgment. On Decem-

ber 24, 1997, plaintiffs filed a surrebuttal in opposition to the motion to intervene and for relief from judgment.

On December 5, 1997, plaintiffs filed a motion to amend the complaint. On December 22, 1997, the Tax Commissioner and Attorney General filed a motion to strike the motion to amend the complaint and a response to the motion to amend the complaint. On December 24, 1997, plaintiffs filed a memorandum in response to the motion to strike and in support of the motion to amend the complaint.

On March 10, 1998, the Attorney General and the Tax Commissioner filed a motion to vacate this Court's September 17, 1997 Memorandum Opinion and Order and to dismiss the complaint. On March 20, 1998, plaintiffs filed a response to the motion to vacate. On March 30, 1998, Laidley, Eli McCoy, and B.F. "Cap" Smith ("Environmental Defendants") filed a response to the motion to vacate in which they adopted the Tax Commissioner and Attorney General's motion and memorandum in support thereof. On March 31, 1998, the Attorney General and the Tax Commissioner filed a reply in support of the motion to vacate and to dismiss. On April 3, 1998, the Public Service Commission filed a memorandum both in support of the motion to vacate and in opposition to the motion to vacate.[1] On April 8, 1998, plaintiffs filed a surreply memorandum in opposition to the motion to vacate. On January 12, 1999, plaintiffs filed a supplemental memorandum in opposition to the motion to vacate and in support of the motion to amend. On January 29, 1999, the Tax Commissioner and the Attorney General filed a memorandum seeking an expedited resolution of the motion to vacate. On February 5, 1999, plaintiffs filed a response to the memorandum seeking an expedited resolution of the motion to vacate.[2]

On October 30, 1998, plaintiffs filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. On November 4, 1998, plaintiffs filed a supplement to the motion for attorney's fees. On November 16, 1998, the defendants filed a joint response to the motion for attorney's fees. On November 24, 1998, plaintiffs filed a reply in support of the motion for attorney's fees. On January 12, 1999, plaintiffs filed an additional supplement in support of the motion for attorney's fees.

For the reasons set forth below, this Court finds that plaintiffs' motion to reconsider should be denied, plaintiffs' motion to amend should be denied, the Tax Commissioner and Attorney General's motion to strike the motion to amend should be denied, plaintiffs' motion for attorney's fees should be denied, the Solid Waste Authorities' motion to intervene should be denied, the Public Service Commission's motion for amendment or clarification should be denied, the Tax Commissioner and Attorney General's motion to alter or amend should be denied and the Tax Commissioner and Attorney General's motion to vacate and to dismiss should be granted in part and denied in part.

## II. *Discussion*

### A. *Plaintiffs' Motion to Amend, Plaintiffs' Motion to Reconsider and the Tax Commissioner and Attorney General's Motion to Strike*

The motion to amend and the motion to reconsider filed by plaintiffs have the same goal: a ruling by this Court as to the constitutionality of West Virginia Code § 22–16–4(a) as it existed when the complaint was filed. Section 22–16–4(a) imposes a Landfill Closure Fund Solid Waste Assessment Fee upon solid waste disposal. In support of the motion to reconsider, plaintiffs argue that this Court should have ruled as to the fee's constitutionality because it was put in issue by the complaint

1. The Public Service Commission sought affirmance of this Court's decision to dismiss it from this civil action and supported vacatur of the remaining portions of the September 17, 1997 Order.

2. To the extent that the memorandum may constitute a motion, this Court finds that it should be and hereby is DENIED as moot.

and, even if the complaint failed to raise the issue, it was, nonetheless, tried by implied consent. The motion to amend seeks to amend Count V so that the fee's constitutionality is directly raised.

Because the constitutionality of the Landfill Closure Fund Solid Waste Assessment Fee is directly raised in another civil action before this Court, this Court finds that plaintiffs' motion to amend and plaintiffs' motion to reconsider should be denied. In *Valero Terrestrial, et al. v. Caffrey, et al.*, Civil Action No. 5:97CV177, the Landfill Closure Fund Solid Waste Assessment Fee is directly challenged and this Court will resolve that issue in that civil action. For this reason, plaintiffs' motion to amend and plaintiffs' motion to reconsider are hereby DENIED. Further, as a result of this ruling, this Court finds that the Tax Commissioner and Attorney General's motion to strike the motion to amend should be and hereby is DENIED as moot.

### B. *Motion to Intervene and for Relief from Judgment*

As noted above, the Solid Waste Authorities have moved to intervene in this action and to be relieved from the judgment of this Court's September 17, 1997 Order. In support of the motion, the Solid Waste Authorities argue that where a statute is administered by more than one agency, each agency responsible for administering the statute must be joined in an action challenging the constitutionality of that statute. Further, the Solid Waste Authorities contend that because they were not joined in this matter, this Court's September 17, 1997 Order is null and void entitling relief from the judgment rendered therein pursuant to Fed.R.Civ.P. 60(b)(4) and (6) Moreover, the Solid Waste Authorities argue the merits of this civil action with regard to the constitutionality of those West Virginia statutes that concern the process for approvals for siting and

expansion of solid waste facilities and those provisions that impose tonnage caps, as the Solid Waste Authorities are partly responsible for implementing those provisions.

On August 26, 1994, this Court entered an order denying two motions to intervene, one filed by the Brooke County Solid Waste Authority and one filed by the Wetzel County Solid Waste Authority. For this reason, and the Solid Waste Authorities tacitly concede as much, the present motion to intervene effectively constitutes a motion to reconsider this Court's earlier order. As such, this Court finds that the motion should be denied. "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." *Prudential Sec., Inc. v. LaPlant*, 151 F.R.D. 678, 679 (D.Kan.1993). Furthermore, "a party who fails to present its strongest argument in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.... The court is not required to supply the rationale that the parties were unable to find." *Anglemyer v. Hamilton Cty. Hosp.*, 1994 WL 531414 at *1 (D.Kan. Sept.16, 1994).

In this Court's August 26, 1994 order denying Wetzel County's motion to intervene, this Court noted that the Wetzel County Solid Waste Authority failed to set forth reasons in a memorandum in support of the motion and, in large part, this Court denied the motion to intervene for that reason. This Court finds that the Wetzel County Solid Waste Authority's current motion to intervene constitutes an attempt to present stronger arguments than presented to this Court in the first instance. For this reason, this Court finds that the motion to intervene should be and hereby is DENIED.[3] Because this Court has

---

**3.** This Court recognizes that several other solid waste authorities join in Wetzel County's motion to intervene. This Court finds that this fact does not alter this Court's decision

on the motion to intervene particularly in light of the fact that the movants acknowledge that this Court previously denied a similar

found that the motion to intervene should be denied, this Court also finds that the motion, to the extent that it seeks relief from this Court's September 17, 1997 judgment order, should be denied for lack of standing to bring such motion. Accordingly, the Solid Waste Authorities' motion for relief from judgment order is hereby DENIED.

### C. Motion to Vacate and to Dismiss

■ Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). "To qualify as a case fit for federal court adjudication, an actual controversy must be extant in all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (citation and internal quotation omitted). A federal court has no "power to render advisory opinions [or] . . . decide questions that cannot affect the rights of litigants in the case before [the Court]." *Honig*, 484 U.S. at 317, 108 S.Ct. 592.

■ In *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36, the Court explained that when a case becomes moot by happenstance, the proper procedure to follow is to vacate the judgment. The Court stated: "[vacatur] clears the path for future relitigation of the issues between the parties and eliminates the judgment, review of which was prevented through happenstance." *Id.* at 40, 71 S.Ct. 104. Subsequently, in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, the Supreme Court further explained that " 'vacatur is an equitable remedy, not an automatic right, and held that vacatur is usually inappropriate when the party seeking relief from the judgment below caused the mootness by voluntary action.' " *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 351 (D.C.Cir.1997) (citing *Bancorp*, 513 U.S. at 23–25, 115 S.Ct. 386). Consequently, vacaturs are not automatically granted. "Instead, where mootness results from voluntary action, vacatur should not be granted unless to do so would serve the public interest." *National Black Police Ass'n*, 108 F.3d at 351.

In support of the motion to vacate and to dismiss, the Tax Commissioner and Attorney General argue that recently enacted Senate Bill 178 moots this civil action because that bill repeals and amends the West Virginia statutes that this Court declared unconstitutional in its September 17, 1997 Order to such an extent that their constitutional infirmity, as delineated by this Court, has been removed. Further, the Tax Commissioner and Attorney General argue that this Court should vacate nearly all of the September 17, 1997 Order leaving in place only that portion of the order which addresses the motion of the Secretary of Tax and Revenue to dismiss Count I.A(a) of the complaint and that portion of the Order that addresses statutes regarding "free days" and undifferentiated solid waste fees.[4]

In support of the motion to dismiss and vacate, the Tax Commissioner and Attorney General rely on *National Black Police*

---

motion to intervene and because the other solid waste authorities have failed to move to intervene in a timely fashion in this matter. Moreover, this Court finds that even if intervention were granted, the Solid Waste Authorities' arguments as to the constitutionality of the West Virginia statutes would be moot as this Court is vacating in relevant part its September 17, 1997 Memorandum Opinion and Order.

**4.** This Court recognizes that the Tax Commissioner and Attorney General have also asked this Court to vacate this Court's September 28, 1995 order denying the Secretary of Tax and Revenue's motion to dismiss all claims related to the undifferentiated solid waste assessment fees based upon the Tax Injunction Act. However, the Tax Commissioner and Attorney General fail to set forth any argument in support of this relief, and for this reason, this Court finds that the motion should be and hereby is DENIED to the extent that it seeks vacatur of this Court's September 28, 1995 Order.

*Ass'n, supra.* In that case, the court faced the following issue: "whether *Bancorp*'s presumption against vacatur should apply where the party seeking relief from the judgment below is the government and the case has been mooted by passage of new legislation." 108 F.3d at 351. This Court is facing that exact issue and finds the reasoning in *National Black Police Ass'n* persuasive such that a vacatur, in part, is warranted in this case.

In *National Black Police Ass'n,* plaintiffs challenged the constitutionality of restrictions on campaign contributions for political candidates. During the pendency of the case, new legislation was passed that removed the challenged restrictions. The court ruled that the action was moot warranting dismissal and further found that vacatur was warranted. The court held vacatur appropriate because "the record ... demonstrat[ed] that the [legislature] did not adopt the new legislation in order to erase an unfavorable decision from the books." 108 F.3d at 352. In so ruling, the court also explained:

> The mere fact that a legislature has enacted legislation that moots an appeal, without more, provides no grounds for assuming that the legislature was motivated by ... a manipulative purpose. The legislature may act out of reasons totally independent of the pending lawsuit, or *because the lawsuit has convinced it that the existing law is flawed.*

*Id.* (emphasis added). In other words, the court noted that legislative action is presumptively legitimate, responsible lawmaking and does not necessarily constitute manipulation of the judicial process. Accordingly, the court held that the *Bancorp* presumption against vacatur did not apply, dismissed the case, and vacated the district court's judgment finding the contribution cap unconstitutional.

■ The record in this case shows that Senate Bill 178 has eradicated and/or amended most of the statutory provisions held unconstitutional by this Court. There is one notable exception: provisions that require a voter referendum before a dis-posal site may be created or expanded. The legislature has adopted new language with respect to the voter referenda requirements but the requirements themselves remain intact and it is the requirement of such referenda that this Court found unconstitutional. This Court finds no error in that ruling and that ruling will not be vacated.

With respect to the other repeals or amendments effected by Senate Bill No. 178, this Court finds that the legislative action taken moots this civil action and further finds that vacatur of those portions of this Court's September 17, 1997 Order that deemed those provisions, as they then existed, unconstitutional is warranted. The only evidence in the record to suggest that vacatur is not appropriate is the Tax Commissioner's and Attorney General's admission that the West Virginia legislature acted in response to this Court's September 17, 1997 judgment. However, the record shows no other evidence of impure motive behind the legislature's actions and absent such evidence, this Court believes that the West Virginia legislature's enactment of Senate Bill 178 should be presumed legitimate, responsible law-making based upon a conviction that the existing law was flawed.

■ Finally, this Court finds that granting a partial vacatur serves the public interest in this case. This case concerned the constitutionality of statues that affected solid waste collection, disposal and management. Those statutes have now been significantly amended and/or repealed with the exceptions of voter referenda requirements. Accordingly, to allow this Court's prior judgment to remain intact (with the exception of the ruling on the voter referenda provisions) would constitute an unnecessary adjudication of constitutional questions. It is a well-established principle that courts should avoid unnecessarily deciding constitutional questions. Thus, this Court's September 17, 1997 Order, with some exceptions as outlined below, should be vacated.

Further, this Court notes that plaintiffs have argued that the new enactment is unconstitutional in its effect. This Court will not address those arguments. "To determine if someone has been injured by the new statute[s] [this Court] would need more information about the new statute[s] than is presently before [this Court]." *Maryland Highways Contractors Ass'n, Inc. v. Maryland,* 933 F.2d 1246, 1249 (4th Cir.1991).

For the reasons set forth above, this Court finds that the Tax Commissioner and Attorney General's motion to vacate and to dismiss the complaint in this matter should be and hereby is GRANTED in part and DENIED in part. Accordingly, this civil action is hereby DISMISSED from the active docket of this Court. Further, with the exception of that portion of this Court's Memorandum Opinion and Order of September 17, 1997 that addressed Count I.A(1) of the complaint, that portion which addresses "free days" and undifferentiated solid waste assessment fees and that portion that addresses voter referenda, this Court's Memorandum Opinion and Order of September 17, 1997 is hereby VACATED.

### D. *Motion to Alter or Amend by Attorney General and Tax Commissioner and Motion for Amendment and Clarification by Public Service Commission*

Based upon this Court's partial vacatur of this Court's September 17, 1997 Memorandum Opinion and Order, this Court finds that the motion to alter or amend by the Attorney General and Tax Commissioner should be and hereby is DENIED as moot. Further, this Court finds that the motion for amendment and clarification filed by the Public Service Commission, assuming that the Public Service Commission, a dismissed party in this matter, has standing to file such a motion, should be and hereby is DENIED as moot.

### E. *Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988*

In support of the motion for attorney's fees and costs, plaintiffs assert that they are prevailing parties pursuant to 42 U.S.C. § 1988 and are, therefore, entitled to the attorney's fees and costs they incurred in prosecuting this action. At the very least, plaintiffs argue that they are entitled to an interim award of attorney's fees. In response, the defendants argue that the motion for award of attorney's fees and costs is premature particularly because this Court has already ruled upon the same motion, based upon the same statute, and found that a ruling on such a motion prior to the resolution of any appeal that may be filed in the United States Court of Appeals for the Fourth Circuit would be "a potential waste of judicial resources." *See Hicks v. Southern Maryland Health Systems Agency,* 805 F.2d 1165, 1167 (4th Cir.1986).

This Court agrees with defendants. As this Court has previously stated, even if this Court were to find that plaintiffs are prevailing parties, it is possible that such a ruling could be affected by an appeal taken in this matter. Rather than staying the motion, this Court finds that the motion for attorney's fees and costs should be and hereby is DENIED as premature. Upon resolution of any appeal, plaintiffs shall advise this Court whether they intend to proceed with a motion for attorney's fees and costs.

IT IS SO ORDERED.